FILED
United States Court of Appeals
Tenth Circuit

March 5, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENCIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

AURELIO VILLA-VELASQUEZ,

Defendant-Appellant.

No. 07-2165
(D.C. No. CR-06-2382 JH)
(D.N.M.)

ORDER AND JUDGMENT[*]

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

Defendant pled guilty to illegal reentry as a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326. On appeal, he challenges the reasonableness of the forty-six month sentence imposed by the district court.

The pre-sentence report applied a base offense level of eight for the illegal

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After examining the briefs and the appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f). The case is therefore ordered submitted without oral argument.

reentry and recommended that the court increase the offense level by sixteen based on Defendant's prior drug trafficking offense. After a three-level reduction for acceptance of responsibility, the advisory Guidelines range for Defendant's sentence was calculated at forty-six to fifty-seven months. Defendant did not object to the pre-sentence report, but he filed a motion requesting a downward departure or variance,[1] arguing that he only returned to the United States to assist his family and that his age and family circumstances weighed in favor of a below-Guidelines sentence.

At the sentencing hearing, Defendant stated that he had no objections to the pre-sentence report, and the court adopted the factual findings contained therein. The court stated that it had reviewed Defendant's sentencing memorandum and motion for downward departure as well as the government's response to the memorandum. Defendant then reiterated his arguments for a below-Guidelines sentence. After hearing arguments from Defendant and the government, the district court stated that it had considered the advisory Guidelines and the 18 U.S.C. § 3553(a) factors. The court did not specifically address Defendant's arguments for a below-Guidelines sentence. After imposing a forty-six month sentence, at the bottom of the advisory Guidelines range, the court stated that it

---

[1] Although he did not specifically request a variance in this motion, the main form of relief sought—imposition of a below-Guidelines sentence based on the factors set forth in 18 U.S.C. § 3553(a)—would properly be described as a variance. *See United States v. Atencio*, 476 F.3d 1099, 1101 n.1 (10th Cir. 2007).

found this sentence was reasonable, then asked Defendant if "there [was] any reason sentence should not be imposed as [the court had] stated it." (*Id.* at 7.) Defendant did not request additional clarification, nor did he ask the court to address his arguments for a lower sentence on the record.

In reviewing the district court's sentencing decision, we "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range." *Gall v. United States*, 128 S. Ct. 586, 597 (2007). "Assuming that the district court's sentencing decision is procedurally sound, [we] should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* When a defendant raises a procedural issue on appeal that he did not object to before the district court, we review this issue only for plain error. *United States v. Romero*, 491 F.3d 1173, 1178 (10th Cir. 2007). "We find plain error only when there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Defendant argues that the district court erred in imposing a sixteen-level enhancement for his prior drug-trafficking conviction pursuant to U.S.S.G. § 2L1.2(b)(1)(A). However, neither before the district court nor on appeal has Defendant provided any reason why this enhancement is unwarranted. We therefore see no error in the district court's application of the enhancement.

Defendant also suggests that the district court erred in failing to directly explain why it rejected his arguments for a lower sentence. Because he "raised no contemporaneous objection to the court's explanation of the method for determining his sentence, we review only for plain error." *United States v. Hamilton*, 510 F.3d 1209, 1218 (10th Cir. 2007). The Supreme Court recently explained that a sentencing court need not necessarily provide a lengthy explanation for its decision to impose a sentence within the Guidelines range. *See id.* (citing *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007)). "A court's brief explanation for a Guidelines sentence may be sufficient when the context and the record clearly show that the court listened to and considered the evidence and arguments." *Id.* "Indeed, in *Rita*, the sentencing court's only stated reason was that a sentence at the bottom of the Guidelines range was appropriate." *Id.* (internal quotation marks omitted). Here, the court stated that it had reviewed Defendant's sentencing memorandum and request for a lower sentence, as well as the pre-sentence report. After hearing Defendant's arguments for a lower sentence, the court stated that it thought the forty-six month sentence it imposed was reasonable.

We note that the facts provided in the pre-sentence report, which Defendant did not object to and which the district court adopted at the sentencing hearing, contradicted certain of Defendant's assertions in support of a lower sentence. For instance, the pre-sentence report suggested that Defendant was likely involved

with drugs after reentering the United States, contrary to his argument that he was only there to help his family and not to commit further crimes. We note that Defendant provided no corroborating evidence to show that he reentered the United States because of his family or that he had provided them with additional funds or other assistance after his return. As for Defendant's argument that his age weighed in favor of a lower sentence, the pre-sentence report indicated that Defendant's criminal record began in 1991 when he was forty-seven and that his age had not deterred him from committing other crimes. Based on the context and record of this case, we see no error in the district court's failure to explain specifically why it rejected Defendant's request for a below-Guidelines sentence. *See id.*

Defendant also argues that the district court erred in failing to depart or vary from the Guidelines based on his family circumstances, age, and purported reason for reentry. We lack jurisdiction to review the district court's discretionary decision not to grant a downward departure. *United States v. Sierra-Castillo*, 405 F.3d 932, 936 (10th Cir. 2005). As for Defendant's argument that the court should have varied from the Guidelines, we review the substantive reasonableness of the sentence imposed for an abuse of discretion. *Gall*, 128 S. Ct. at 597. Given all the circumstances of this case, including Defendant's criminal history and his failure to provide evidence in support of his self-serving factual assertions, we cannot say that the district court abused its discretion in

rejecting Defendant's request for a lower sentence.

We therefore **AFFIRM** Defendant's conviction and sentence.

Entered for the Court


Monroe G. McKay
Circuit Judge