**FILED**
                                              **United States Court of Appeals**
                                                      **Tenth Circuit**

                                                  **December 18, 2007**

**PUBLISH**                                   **Elisabeth A. Shumaker**
                                                   **Clerk of Court**

# UNITED STATES COURT OF APPEALS

## TENH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

    v.                                          No. 06-5231

DUANE HAMILTON,

      Defendant - Appellant.

**APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA
(D. Ct. No. 05-CR-86-HDC)**

Peter C. Astor, Tulsa, Oklahoma, appearing for Appellant.

Tim Faerber, Assistant United States Attorney (David E. O'Meilia, United States
Attorney, and Leena Alam, Assistant United States Attorney, on the brief), Office of the
United States Attorney for the Northern District of Oklahoma, Tulsa, Oklahoma,
appearing for Appellee.

Before **TACHA**, Chief Circuit Judge, **KELLY**, and **HENRY**, Circuit Judges.

**TACHA**, Chief Circuit Judge.

      Defendant-Appellant Duane Hamilton appeals the District Court's denial of his

motion to withdraw his guilty plea and its decision to sentence him to 322 months'

imprisonment. We exercise jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

# I. BACKGROUND

In May 2006, pursuant to a plea agreement with the Government, Mr. Hamilton pleaded guilty to two counts: (1) possession of 50 grams or more of cocaine base (i.e., crack cocaine) with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii); and (2) possession of firearms in furtherance of a drug trafficking offense (i.e., the offense charged in count one) in violation of 18 U.S.C. § 924(c)(1)(A)(i). The probation office prepared a presentence report classifying Mr. Hamilton as a career offender under § 4B1.1 of the U.S. Sentencing Guidelines ("Guidelines" or "U.S.S.G.") based on two prior felony convictions of a "controlled substance offense." U.S.S.G. § 4B1.1(a)(3); *see also* U.S.S.G. § 4B1.2(b) (defining "controlled substance offense"). Due to the application of the career-offender guideline, Mr. Hamilton's criminal history category was VI. *See* U.S.S.G. § 4B1.1(b). After a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, the probation office reported Mr. Hamilton's adjusted offense level as 34. Based on his criminal history category and offense level, the sentencing range calculated under the career-offender guideline was 322 to 387 months' imprisonment. *See* U.S.S.G. § 4B1.1(c)(2)(A).

Before his sentencing hearing, Mr. Hamilton filed a motion to withdraw his guilty plea, arguing that he received ineffective assistance of counsel when he entered into the plea agreement and pleaded guilty.[1] Specifically, Mr. Hamilton argued that his attorney

---

[1]Mr. Hamilton was originally represented by counsel from the Federal Public Defender's office. After he pleaded guilty, his counsel resigned from his position in the public defender's office, and a different attorney from the same office entered an

should have informed him that the court could impose a sentence between 322 and 387 months' imprisonment under the career-offender guideline. *See* U.S.S.G. § 4B1.1(a), (c). He also argued that his attorney should have investigated his two prior felony convictions to determine whether they would, in fact, trigger application of the career-offender guideline. According to Mr. Hamilton, his attorney assured him that the court would likely impose a sentence at the statutory minimum for both counts, resulting in a total sentence of 15 years' imprisonment. Mr. Hamilton argued he should be allowed to withdraw his plea because, if he had known that he faced a minimum of 26, rather than 15, years in prison under the Guidelines, he would not have pleaded guilty and would have insisted on going to trial.

Before ruling on Mr. Hamilton's motion, the District Court held a hearing on the matter. At the hearing, Mr. Hamilton's original counsel testified that he likely told Mr. Hamilton to expect a sentence between 15 and 16 years. He also acknowledged that he did not investigate the prior felony convictions or advise Mr. Hamilton of the effect the career-offender guideline could have on his sentence. As detailed in a previously filed affidavit, the attorney did not investigate these convictions or consider the career-offender guideline because Mr. Hamilton told him that one of the felony charges had been reduced to a simple possession charge, and if this were true, Mr. Hamilton could not be classified

---

appearance on Mr. Hamilton's behalf. After reviewing Mr. Hamilton's file, this attorney filed a motion to withdraw as counsel, noting that the original counsel had failed to inform Mr. Hamilton of his career-offender status. The court granted the motion and permitted the appointment of substitute counsel, who then filed the motion to withdraw the guilty plea.

as a career offender.  At the hearing, the attorney also testified that he did not promise Mr. Hamilton that he would receive a particular sentence and that Mr. Hamilton was aware of both the minimum statutory sentence of 15 years and the maximum statutory penalty of life in prison.

At the conclusion of the hearing, the District Court denied the motion, emphasizing that Mr. Hamilton had repeatedly represented to the court that he understood his sentence would be determined solely by the court and that he was knowingly and voluntarily entering his plea.  After denying the motion, the court conducted a sentencing hearing, during which Mr. Hamilton asked the court to vary from the Guidelines to avoid a sentence that over-represented his criminal history and the seriousness of his offense.  After listening to Mr. Hamilton's arguments, the court decided to impose a Guidelines sentence.  Although the court recognized that the Guidelines are not mandatory, it found them "instructive" and sentenced Mr. Hamilton to 322 months' imprisonment, a sentence at the bottom end of the advisory Guidelines range.  Mr. Hamilton challenges this sentence on appeal, as well as the District Court's denial of his motion to withdraw his guilty plea.

## II.  DISCUSSION

A.      Motion to Withdraw the Guilty Plea

1.       Consideration of an Ineffective-Assistance Claim on Direct Appeal

Mr. Hamilton's appeal of the District Court's denial of his motion is largely based on his allegation that he received ineffective assistance of counsel.  Ineffective-assistance

claims should generally be brought in collateral proceedings, rather than on direct appeal, so that a factual record enabling effective appellate review may be developed in the district court. *United States v. Galloway*, 56 F.3d 1239, 1242 (10th Cir. 1995) (en banc); *see also Massaro v. United States*, 538 U.S. 500, 504–05 (2003) ("When an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose."). Here, however, a factual record enabling appellate review already exists; the District Court held a lengthy hearing on the matter. Because Mr. Hamilton's ineffective-assistance claim is "fully developed in the record," it falls within the narrow exception to our general rule that such claims will be dismissed when brought on direct appeal. *See Galloway*, 56 F.3d at 1242 ("Some rare claims which are fully developed in the record may be brought either on direct appeal or in collateral proceedings."); *see also United States v. Carr*, 80 F.3d 413, 416 n.3 (10th Cir. 1996) (considering ineffective-assistance allegation on direct appeal because a factual record had been fully developed in the district court). We will therefore review the District Court's denial of Mr. Hamilton's motion.

2.      Whether Mr. Hamilton Established a "Fair and Just Reason" for
        Withdrawal

Our review of a district court's denial of a motion to withdraw a guilty plea is for abuse of discretion. *United States v. Kramer*, 168 F.3d 1196, 1202 (10th Cir. 1999). Although a motion to withdraw a plea prior to sentencing should be "freely allowed," we

will not reverse a district court's decision unless the defendant can show that the court acted "unjustly or unfairly." *Id.* (quotations omitted).

Under Fed. R. Crim. P. 11(d)(2)(B), a defendant may withdraw a guilty plea before the court imposes a sentence if "the defendant can show a fair and just reason for requesting the withdrawal." The defendant bears the burden of establishing a "fair and just reason." *United States v. Black*, 201 F.3d 1296, 1299 (10th Cir. 2000). In determining whether a defendant has met this burden, we consider seven factors: "(1) whether the defendant has asserted his innocence, (2) prejudice to the government, (3) delay in filing defendant's motion, (4) inconvenience to the court, (5) defendant's assistance of counsel, (6) whether the plea is knowing and voluntary, and (7) waste of judicial resources." *United States v. Gordon*, 4 F.3d 1567, 1572 (10th Cir. 1993) (citing *United States v. Elias*, 937 F.2d 1514, 1520 (10th Cir. 1991)). Because Mr. Hamilton's argument for withdrawal focuses on his assertion of innocence and ineffective assistance of counsel, we address these factors first.

a.      Assertion of Innocence

Mr. Hamilton contends that he asserted his innocence on both counts in his motion to withdraw. As to the possession of crack cocaine with intent to distribute, he argues he asserted his "legal innocence" by claiming that the seizure of the drugs violated the Fourth Amendment. With respect to the firearms charge, he argues he asserted his innocence by claiming he did not possess the firearms "in furtherance of" a drug trafficking crime as required by 18 U.S.C. § 924(c)(1)(A). We find both arguments

-6-

unconvincing.

We begin by noting that a defendant may satisfy the assertion-of-innocence factor by asserting legal innocence. When Rule 32 (now Rule 11) was amended to require that the defendant show a fair and just reason for withdrawal, the Advisory Committee indicated that "whether the movant has asserted his legal innocence is an important factor to be weighed." Fed. R. Crim. P. 32 Advisory Committee's note to 1983 amendments; *see also United States v. Maxwell*, 498 F.3d 799, 801 (8th Cir. 2007) (noting that district court may consider assertion of legal innocence); *United States v. Rosen*, 409 F.3d 535, 546 (2d Cir. 2005) (same); *United States v. Negron-Narvaez*, 403 F.3d 33, 36 (1st Cir. 2005) (same); *United States v. Cray*, 47 F.3d 1203, 1206 (D.C. Cir. 1995) (same). *But see United States v. Brown*, 250 F.3d 811, 818 (3d Cir. 2001) ("In assessing a defendant's claim of 'legal innocence' for purposes of withdrawal of a guilty plea, we must first examine whether the defendant has asserted his or her factual innocence."). In addition, we have previously indicated that an assertion of legal innocence could, in some cases, satisfy the first factor. *See, e.g.*, *United States v. Cervantes*, 115 Fed. App'x 1, 7 (10th Cir. 2004) (unpublished) (suggesting that a legally cognizable defense could satisfy the assertion-of-innocence factor).

But although the assertion of legal innocence may satisfy this factor in some instances, the mere assertion of a legal defense is insufficient; the defendant must present a *credible* claim of legal innocence. *See Cray*, 47 F.3d at 1209 (holding that a defendant "must affirmatively advance an objectively reasonable argument that he is innocent"); *see*

*also United States v. Hickok*, 907 F.2d 983, 985 n.2 (10th Cir. 1990) ("[T]he assertion of

a defendant's subjective belief in his own innocence does not mandate allowing him to

withdraw his plea of guilty." (quotation and alteration omitted)).  In other words, the

defendant must make a *factual argument* that supports a legally cognizable defense.  *See*

*United States v. Barker*, 514 F.2d 208, 220 (D.C. Cir. 1975) (en banc) ("If the movant's

factual contentions, when accepted as true, make out no legally cognizable defense to the

charges, he has not effectively denied his culpability . . . .").[2]

In the present case, Mr. Hamilton has not presented a factual argument in support

of a Fourth Amendment defense to the drug offense.  Instead, he emphasizes that, early in

his case, he told his attorney to file a motion to suppress evidence, but his attorney did not

do so.  He also alleges that he received ineffective assistance of counsel at this time.  But

as we discuss below, Mr. Hamilton's ineffective-assistance claim is based on his

attorney's conduct in determining his potential sentence.  He makes no argument that his

attorney was ineffective in not filing a motion to suppress evidence on Fourth

Amendment grounds.  Indeed, he presents no argument in support of such a motion.

Consequently, he has not effectively asserted his innocence as to the drug offense.

--------

[2]The D.C. Circuit has characterized the necessary showing of innocence as a "viable claim," *United States v. Hanson*, 339 F.3d 983, 988 (D.C. Cir. 2003), "a credible claim," *Cray*, 47 F.3d at 1206, "an objectively reasonable argument," *id.* at 1209, and a "legally cognizable defense," *Barker*, 514 F.2d at 220.  When read in context, however, the phrases connote the same idea—that a defendant must support the assertion of innocence with a credible argument.  *See United States v. Curry*, 494 F.3d 1124, 1129 (D.C. Cir. 2007) (recognizing that many cases have used the terms "legally cognizable defense" and "viable claim" interchangeably).  In other words, the defendant's "factual contentions" must sustain a "legally cognizable defense." *Barker*, 514 F.2d at 220.

We reach the same conclusion regarding Mr. Hamilton's assertion of innocence as to the charge of possession of a firearm in furtherance of a drug trafficking crime. *See* 18 U.S.C. § 924(c)(1)(A)(i). He argues that he is innocent of this offense because he did not possess the firearms "in furtherance of" a drug trafficking crime. In specific support of this contention, he notes that he was not near his vehicle and was not distributing crack cocaine when the firearms and drugs were seized. These arguments do not, however, amount to assertions of factual or legal innocence.

First, Mr. Hamilton has not repudiated his admission of guilt or otherwise asserted that he is actually innocent of the underlying drug offense to which he pleaded guilty. This offense, possession of crack cocaine with intent to distribute, *see* 21 U.S.C. § 841(a)(1), qualifies as a "drug trafficking crime" for purposes of the firearms charge. *See* 18 U.S.C. § 924(c)(1)(A), (c)(2). Second, police found the firearms and drugs together in the same vehicle. This is sufficient proof that the firearms were possessed "in furtherance of" the possession with intent to distribute. *See United States v. Trotter*, 483 F.3d 694, 702 (10th Cir. 2007) ("'When guns and drugs are found together and a defendant has been convicted of possession with intent to distribute, the gun . . . may reasonably be considered to be possessed "in furtherance of" an ongoing drug-trafficking crime.'" (quoting *United States v. Garner*, 338 F.3d 78, 81 (1st Cir. 2003))). His arguments do not therefore amount to an assertion of factual or legal innocence.

b.      Ineffective Assistance of Counsel and Voluntariness of the Plea

Mr. Hamilton argues that he should be permitted to withdraw his plea because he

received ineffective assistance of counsel when his attorney failed to inform him of the effect the career-offender guideline could have on his sentence. He also argues that his plea was not voluntary because he received ineffective assistance. Our review of both questions—whether Mr. Hamilton received ineffective assistance of counsel and whether his plea was voluntary—is de novo. *See United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006) ("A claim for ineffective assistance of counsel presents a mixed question of fact and law, which we review de novo."); *Black*, 201 F.3d at 1300 (noting we review de novo the question of whether a plea was knowing and voluntary).

When a defendant's challenge to a guilty plea is based on ineffective assistance of counsel, we apply the two-part test established in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). To prevail under this test, Mr. Hamilton "must show *both* (1) that counsel's performance was deficient *and* (2) that this deficiency prejudiced [his] defense." *Carr*, 80 F.3d at 417 (citing *Strickland*, 466 U.S. at 687). In order to establish that his attorney's performance was constitutionally deficient, he must show that the attorney's performance fell outside "the wide range of competence demanded of attorneys in criminal cases." *Id.* To demonstrate he suffered prejudice as a result of the alleged deficiency, Mr. Hamilton "'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id.* at 418 (quoting *Hill*, 474 U.S. at 59).

In this case, we need not decide whether the attorney's performance was deficient because Mr. Hamilton has failed to show that he suffered prejudice as a result of his

attorney's representations regarding his potential sentence. *See Strickland*, 466 U.S. at 697 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."). Mr. Hamilton repeatedly affirmed his understanding of how his sentence would be determined—namely, that the court would determine the sentence and could impose a much greater sentence than Mr. Hamilton expected. For example, by signing the plea agreement, Mr. Hamilton acknowledged "that any estimate of the likely sentence received from any source is a prediction, not a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum." He also acknowledged "that the sentence to be imposed upon [him] will be determined solely by the sentencing judge." In signing the plea petition, he further acknowledged that "sentencing is a matter left exclusively in the province of the Court" and that his sentence "is solely a matter within the control of the Judge." The petition also contains a statement indicating that Mr. Hamilton knew his attorney had no authority to make promises regarding his sentence. Moreover, at his change-of-plea hearing, Mr. Hamilton responded affirmatively when the court asked whether he had read and initialed each page of the plea agreement and whether he had read and understood every part of the petition. The court then explained to him that it could impose a maximum sentence of life. When asked whether he understood these potential penalties, Mr. Hamilton said yes. Finally, after he signed the plea agreement and the court informed him of the consequences of his plea, Mr. Hamilton pleaded guilty to both counts.

In light of the court's careful explanation of the plea's consequences and Mr. Hamilton's testimony that he understood those consequences, Mr. Hamilton's allegation that he would have gone to trial but for his attorney's failure to advise him of the career-offender provision is insufficient to establish prejudice.[3] *See Gordon*, 4 F.3d at 1571 (holding that the mere allegation that defendant would have gone to trial but for counsel's failure to warn him about the use of relevant conduct at sentencing was insufficient to establish prejudice); *see also Bethel v. United States*, 458 F.3d 711, 718–19 (7th Cir. 2006) (holding that an attorney's failure to inform a defendant of the possible application of the career-offender guideline did not result in prejudice when the defendant repeatedly acknowledged under oath that he understood his sentence could be greater than expected). That is, Mr. Hamilton has failed to show that, but for counsel's conduct, he would have insisted on going to trial. Moreover, because Mr. Hamilton's argument regarding the voluntariness of his plea is based on his allegation of ineffective assistance, he has also failed to show that his plea was involuntary.

---

[3]We do not hold that a defendant who acknowledges the district court's sentencing discretion is necessarily precluded from demonstrating prejudice in every case. Rather, the proper inquiry is whether the defendant has shown that, but for his counsel's conduct, he would not have pleaded guilty. Mr. Hamilton has not done so here.

c.      Other Factors

Mr. Hamilton argues that the other four factors (prejudice to the government, timing of the motion, inconvenience to the court, and waste of judicial resources) weigh in his favor.  Regarding the timing of his motion, even if the delay in filing was reasonable, as Mr. Hamilton argues, a reasonable delay is not a "fair and just reason" for withdrawal.  In addition, given that Mr. Hamilton has not asserted his innocence or prevailed on his ineffective-assistance claim, his arguments concerning the remaining factors are irrelevant because these factors speak to the potential burden on the government and the court, rather than the defendant's *reason* for withdrawal.  That is, even if these factors weigh in a defendant's favor, they cannot establish a fair and just reason for withdrawal.

Indeed, we have previously held that a court need not address prejudice to the government unless a defendant presents a fair and just reason for withdrawal.  *Hickok*, 907 F.2d at 986.  Similarly, a court need not address the timing of the defendant's motion, the inconvenience to the court, or the waste of judicial resources unless the defendant establishes a fair and just reason for withdrawing his guilty plea.[4]  In sum, because Mr. Hamilton has not established a fair and just reason for withdrawal, he has failed to show that the District Court abused its discretion by acting unjustly or unfairly in denying his

---

[4]We do not suggest that these factors actually weigh in Mr. Hamilton's favor.   A plea withdrawal inevitably results in some inconvenience to the court and waste of judicial resources.  *See Carr*, 80 F.3d at 420–21.

motion to withdraw his guilty plea.

B.      Sentence

Mr. Hamilton also appeals his sentence of 322 months' imprisonment. We review a sentence imposed by a district court for reasonableness. *See United States v. Geiner*, 498 F.3d 1104, 1107 (10th Cir. 2007). Reasonableness review includes "both procedural and substantive components." *United States v. Cage*, 451 F.3d 585, 591 (10th Cir. 2006). To assess whether a sentence is procedurally proper, we review the method by which the district court calculates the sentence. *See United States v. Atencio*, 476 F.3d 1099, 1102 (10th Cir. 2007) ("In setting a procedurally reasonable sentence, a district court must calculate the proper advisory Guidelines range and apply the factors set forth in § 3553(a)."); *see also United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006) (per curiam) ("[T]he reasonableness standard of review . . . necessarily encompasses . . . the *method* by which the sentence was calculated."). In evaluating the substantive reasonableness of a sentence, we ask whether the length of the sentence is reasonable considering the statutory factors delineated in 18 U.S.C. § 3553(a). *See United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007).

Mr. Hamilton does not challenge the substantive reasonableness of his sentence.[5]

---

[5]In his opening brief, Mr. Hamilton asserts that he is challenging his sentence of 322 months as unreasonable in light of the seriousness of his offense and his criminal history, *see* § 3553(a)(1), (2)(a). If Mr. Hamilton had supported this assertion with an argument, he would have raised a challenge to the substantive reasonableness of his sentence. But Mr. Hamilton has failed to make *any* argument in support of this assertion; instead, he focuses solely on the alleged procedural error, that is, the court's failure to explain if and how it considered the § 3553(a) factors. Because he did not "make any

Rather, he argues that the District Court used an improper procedure to determine his sentence. Although he does not take issue with the District Court's calculation of his sentence under the Guidelines, he argues that the court erred by failing to explain how it considered the § 3553(a) factors. *See Geiner*, 498 F.3d at 1113 (noting that the defendant's "contention that the District Court failed to consider the statutory factors contained in § 3553(a) is a procedural argument challenging the District Court's method for calculating his sentence"); *United States v. Lopez-Flores*, 444 F.3d 1218, 1220 (10th Cir. 2006) (characterizing as procedural the defendant's argument that "the district court failed to explain the sentence on the record with reference to any factor other than the Guidelines").

Because Mr. Hamilton raised no contemporaneous objection to the court's explanation of the method for determining his sentence, we review only for plain error. *See Lopez-Flores*, 444 F.3d at 1221. We will reverse the District Court's judgment only if "there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1222 (quotation omitted). Here, we need not proceed past the first step of the plain-

---

argument or cite any authority to support his assertion," Mr. Hamilton has waived the argument that his sentence is substantively unreasonable. *United States v. Hardwell*, 80 F.3d 1471, 1492 (10th Cir. 1996). But even if he had properly raised such an argument, we would affirm the sentence as reasonable. Considering the circumstances of the case in light of the § 3553(a) factors, a sentence at the bottom end of the applicable Guidelines range is not unreasonable. *See Kristl*, 437 F.3d at 1054–55 (holding that a properly calculated Guidelines sentence is entitled to a presumption of reasonableness on appeal).

error analysis because we are satisfied that the District Court did not commit error.

As the Supreme Court recently explained, a sentencing court's decision to apply a Guidelines sentence does "not necessarily require lengthy explanation." *Rita v. United States*, – U.S. –, 127 S. Ct. 2456, 2468 (2007); *see also United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1202 (10th Cir. 2007) (holding that "a specific discussion of Section 3553(a) factors is not required for sentences falling within the ranges suggested by the Guidelines"). A court's brief explanation for a Guidelines sentence may be sufficient when the context and the record clearly show that the court listened to and considered the evidence and arguments. *Rita*, 127 S. Ct. at 2469. Indeed, in *Rita*, the sentencing court's only stated reason was that a sentence at the bottom of the Guidelines range was "'appropriate.'" *Id.* The Court held that this brief statement satisfied the statutory provision requiring a sentencing court to "'state in open court the reasons for its imposition of the particular sentence.'" *Id.* at 2468 (quoting 18 U.S.C. § 3553(c)).

Like the sentencing court in *Rita*, although the District Court did not specifically respond to Mr. Hamilton's arguments for a variance, the "context and the record make clear" the court's reason for rejecting his arguments. *Id.* at 2469. After listening to Mr. Hamilton's arguments for imposition of a non-Guidelines sentence, the court explained that it was imposing a sentence under the career-offender guideline, U.S.S.G. § 4B1.1(c), and stated that it found the advisory Guidelines "instructive and helpful and informative" in this case. In other words, the record and context demonstrate that the court considered Mr. Hamilton's arguments for a variance and rejected them because it determined that a

Guidelines sentence is appropriate based on the particular facts of this case. *Cf. United States v. Cereceres-Zavala*, 499 F.3d 1211, 1213, 1217–18 (10th Cir. 2007) (holding that the district court did not err when it did not analyze the § 3553(a) factors on the record in response to the defendant's requests for a departure because the context and record made the court's reasoning clear). Because we are satisfied that the court "considered the parties' arguments and [had] a reasoned basis for exercising [its] own legal decisionmaking authority," *Rita*, 127 S. Ct. at 2468, we affirm Mr. Hamilton's sentence.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the District Court's denial of Mr. Hamilton's motion to withdraw his guilty plea. We also AFFIRM Mr. Hamilton's sentence.