FILED
United States Court of Appeals
Tenth Circuit

April 14, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FERNANDO TRUJILLO,

Defendant-Appellant.

No. 07-2174
(D.C. No. CR-06-1688-JB)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Circuit Judge, and **BARRETT** and **BRORBY**, Senior Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Fernando Trujillo pled guilty to one count of illegal reentry of a

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

deported alien in violation of 8 U.S.C. § 1326(a) and (b).  He now appeals his seventy-seven-month sentence, arguing it is unreasonable under the 18 U.S.C. § 3553(a) sentencing factors due to family circumstances involving his terminally ill brother which compelled Mr. Trujillo to illegally reenter the United States to obtain money to pay for his brother's chemotherapy treatment.  We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm Mr. Trujillo's sentence.

I.  Procedural Background

Mr. Trujillo was arrested on July 4, 2006, after entering the United States by walking across the border from Mexico.  After Mr. Trujillo pled guilty to one count of illegal reentry of a deported alien in violation of 8 U.S.C. § 1326(a) and (b), a probation officer prepared a presentence report calculating his sentence under the applicable United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.").  The probation officer set Mr. Trujillo's base offense level at eight pursuant to U.S.S.G. § 2L1.2(a) and increased his base level sixteen levels pursuant to § 2L1.2(b)(1)(A) because he had previously been deported following a conviction for a crime of violence, stemming from his 1993 convictions for two felony counts for robbery.  The probation officer also recommended a three-level offense reduction for acceptance of responsibility, resulting in a total offense level of twenty-one.  The presentence report also set Mr. Trujillo's criminal

history category at VI, which, together with an offense level of twenty-one, resulted in a recommended Guidelines sentencing range of seventy-seven to ninety-six months imprisonment.

Mr. Trujillo filed three sentencing memoranda moving for a downward departure under U.S.S.G. §§ 5K2.0 and 5K2.11 and a below-Guidelines-range sentence under the 18 U.S.C. § 3553(a) sentencing factors,[1] which he renewed at the sentencing hearing. In requesting a downward departure under U.S.S.G. §§ 5K2.0 and 5K2.11, Mr. Trujillo argued family circumstances and lesser harm reasons, relating to his terminally ill brother's need for chemotherapy treatment, caused him to illegally reenter the country to earn money to render financial assistance to his family. In requesting a below-Guidelines sentence under the § 3553(a) sentencing factors, Mr. Trujillo argued his reason for illegally reentering the country to help his family should be considered, as well as the nature and circumstances of his offense, which were unremarkable in all respects and merely involved being apprehended near the border after illegally reentering the country.

On receipt of Mr. Trujillo's motion for downward departure, the probation

---

[1] Mr. Trujillo made other objections relating, in part, to his criminal history category, none of which he raises on appeal.

officer contacted Mr. Trujillo's mother, who stated Mr. Trujillo entered the United States to help her economically. She also provided information: 1) her son, Pedro, had contracted lung cancer; 2) he received his first chemotherapy treatment in January 2006 (over five months before Mr. Trujillo entered the country illegally); 3) government benefits covered all of Pedro's chemotherapy sessions and medication; and 4) Pedro died on December 23, 2006, leaving her to pay the outstanding hospital bill which was in an amount unknown to her. Based on this information, the probation officer concluded that, while Mr. Trujillo's mother would undertake some financial hardship as a result of Mr. Trujillo's incarceration, it did not appear to constitute an extraordinary family circumstance or a lesser harm situation warranting a downward departure.

After hearing and considering the parties' arguments at the sentencing hearing, the district court denied Mr. Trujillo's request for a downward departure. In so doing, it noted Mr. Trujillo's illegal reentry into the country occurred after his brother's medical bills were being paid by the government, so it appeared his reentry was for economic reasons to help his mother. It concluded that while Mr. Trujillo's mother would suffer some financial hardship as a result of his incarceration, many illegal aliens enter the country on the basis of sick family members so the circumstance presented was a very common situation which did not constitute an extraordinary family circumstance or lesser harm situation

warranting a downward departure.

In sentencing Mr. Trujillo, the district court explicitly stated it had reviewed the presentence report and adopted the unopposed factual findings, considered the advisory Guidelines applications and the 18 U.S.C. § 3553(a) sentencing factors, and reviewed applicable cases concerning family medical conditions and circumstances, which it cited and discussed, noting family circumstances involving an ill family member did not ordinarily warrant a lesser sentence. It also discussed the § 3553(a) factors in detail and concluded a sentence of seventy-seven months imprisonment, which was at the low end of the advisory sentencing range, was reasonable and sufficient, without being greater than necessary, to comply with the Sentencing Reform Act and therefore it would not depart or vary from the advisory Guidelines sentence. It then imposed a seventy-seven-month sentence.

## II. Discussion

On appeal, Mr. Trujillo argues the district court's imposition of a sixteen-level increase in his offense level, pursuant to U.S.S.G. § 2L1.2(b)(1)(A), is unreasonably harsh under the 18 U.S.C. § 3553(a) sentencing factors due to his special family circumstances involving his brother's illness and resulting financial problems which prompted his illegal reentry into the United States. We begin our

discussion by clarifying that a sentence above or below the recommended Guidelines range based on an application of Chapters Four or Five of the Guidelines is referred to as a "departure," while a sentence above or below the recommended Guidelines range through an application of the sentencing factors in 18 U.S.C. § 3553(a) is called a "variance." *United States v. Atencio*, 476 F.3d 1099, 1101 & n.1 (10th Cir. 2007). Thus, on appeal, it is evident Mr. Trujillo is no longer requesting a downward departure under Chapter Five, but continuing to claim his sentence is unreasonable under the § 3553(a) factors, warranting a variance for a below-Guidelines sentence based on his family circumstances.

We review a sentence for reasonableness, giving deference to the district court under an abuse of discretion standard. *See United States v. Smart*, 518 F.3d 800, 806 (10th Cir. 2008) (relying on *Gall v. United States*, ___U.S. ___, 128 S. Ct. 586, 591 (2007)). "Our appellate review for reasonableness includes both a procedural component, encompassing the method by which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence." *Id.* at 802. In evaluating the substantive reasonableness of a sentence, we inquire whether the sentence length is reasonable pursuant to the statutory factors delineated in § 3553(a). *United States v. Hamilton*, 510 F.3d 1209, 1217-18 (10th Cir. 2007), *petition for cert. filed* (U.S. Mar. 14, 2008) (No. 07-9943). The § 3553(a) factors "include the nature of the offense and

characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of the crime, to provide adequate deterrence, to protect the public, and to provide the defendant with needed training or treatment ...." *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006) (*per curiam*). If the sentence is within the correctly-calculated Guidelines range, we may apply a presumption of reasonableness. *Id.* at 1053-54; *see also Gall*, 128 S. Ct. at 597; *Rita v. United States*, ___ U.S. ___, 127 S. Ct. 2456, 2462, 2465 (2007). The defendant or the government may rebut this presumption by demonstrating the sentence is unreasonable when viewed under the § 3553(a) factors. *Kristl*, 437 F.3d at 1054.

In this case, nothing indicates Mr. Trujillo's sentence was improperly calculated or that its length is substantively unreasonable. While Mr. Trujillo complains that due to § 3553(a) considerations involving his family circumstances the district court should not have applied a sixteen-level offense increase, he does not contest the fact he was previously deported after conviction of a crime of violence, which was used for the purpose of applying the sixteen-level increase under § 2L1.2(b)(1)(A), nor that his sentence was otherwise improperly calculated. Because the record establishes the district court applied the relevant Guidelines range and sentenced Mr. Trujillo within that range, his sentence is presumptively reasonable.

Mr. Trujillo must rebut this presumption by demonstrating his sentence is unreasonable in light of the sentencing factors in § 3553(a). However, for the same reasons cited by the district court, Mr. Trujillo has not demonstrated his family circumstances are sufficiently compelling for the purpose of making his seventy-seven-month sentence unreasonable. Thus, we conclude the district court did not abuse its discretion in imposing a sentence at the bottom of the applicable Guidelines range, and Mr. Trujillo has not demonstrated, as required, that his sentence is unreasonable under the § 3553(a) factors.

III. Conclusion

For these reasons, we **AFFIRM** Mr. Trujillo's sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge