FILED
United States Court of Appeals
Tenth Circuit

December 15, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JIMMIE RAY SCHUMACHER, JR.,

Petitioner - Appellant,

v.

JOE ORTIZ, Executive Director,
Colorado Department of Corrections;
THE ATTORNEY GENERAL OF THE
STATE OF COLORADO,

Respondents- Appellees.

No. 10-1332
(D. Ct. No. 1:07-CV-01348-MSK-CBS)
(D. Colo.)

---

## ORDER DENYING A CERTIFICATE OF APPEALABILITY[*]

---

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has

determined unanimously that oral argument would not be of material assistance in the

determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The

case is therefore ordered submitted without oral argument.

Petitioner-appellant Jimmie Ray Schumacher, a Colorado state prisoner, seeks a

certificate of appealability ("COA") so that he may appeal the district court's denial of his

---

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

petition for habeas corpus, which he brought under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(c)(1)(A), DENY Mr. Schumacher's request for a COA, and DISMISS his appeal.

## I. BACKGROUND

In 2000, Mr. Schumacher was charged in Colorado state court with fifteen counts of sexual assault and sexual assault on a child based on his alleged sexual abuse of his live-in girlfriend's nine-year-old daughter. On February 12, 2002, Mr. Schumacher pleaded guilty to a single added count of attempt to commit sexual assault on a child by one in a position of trust in exchange for the dismissal of the fifteen sexual assault counts. The plea agreement, which Mr. Schumacher signed, states that there can be "no denial for more than six months." In other words, the terms of the plea agreement prohibited Mr. Schumacher from denying for more than six months that he committed the offense to which he was pleading guilty. During the plea hearing, Mr. Schumacher confirmed to the trial court that he had read and understood the plea agreement in its entirety.

Prior to sentencing, on August 1, 2002, Mr. Schumacher filed a motion to withdraw his guilty plea, which was denied by the district court. The district court then sentenced him to probation for an indeterminate term of ten years to life. The conditions of Mr. Schumacher's probation included serving sixty days in jail and completing sex offender therapy, which would require, as did the plea agreement, that he not deny the offense for more than six months. Indeed, the district court explained at sentencing that "[a]s [a] condition[] of probation, the Court will require that [Mr. Schumacher] . . .

- 2 -

complete sex offender therapy. That may include the denier group if in fact he's denying at this point for the appropriate period. The Court understands that is a six-month period that a treatment program would allow a denier to remain in denial." Appellant's App. at 218.

In March of 2004, Mr. Schumacher filed a state post-conviction motion to withdraw his guilty plea based on the alleged ineffectiveness of his counsel in negotiating the plea agreement. Specifically, Mr. Schumacher argued that his counsel was ineffective in failing to inform him prior to his signing the plea agreement that if he denied committing the offense for more than six months, his probation could be revoked and he could be sentenced to an indeterminate sentence of life in prison. On April 2, 2004, the trial court denied Mr. Schumacher's post-conviction motion, finding that, notwithstanding any erroneous advice he may have received from his counsel, Mr. Schumacher understood prior to signing the plea agreement that: (1) he could not deny the offense for more than six months; and (2) he could be sentenced to life in prison if his probation was revoked. The court then revoked Mr. Schumacher's probation for his persistent denial of the offense and sentenced him to an indeterminate life sentence.

The Colorado Court of Appeals affirmed the denial of Mr. Schumacher's post-conviction motion on February 9, 2006, upholding the trial court's findings that Mr. Schumacher understood the "no-denial" provision in his plea agreement and the consequences of probation revocation. The Court of Appeals specifically held that Mr. Schumacher could not demonstrate prejudice, i.e., that he would not have pleaded guilty

absent his counsel's deficient advice, because he signed the plea agreement which included the "no denial" provision, he confirmed during his plea hearing that he had read and understood the terms of the plea agreement, and the court had made him aware during the plea hearing that he could face a life sentence if his probation was revoked. The Colorado Supreme Court denied Mr. Schumacher's Petition for a Writ of Certiorari on September 11, 2006.

Mr. Schumacher then filed the instant § 2254 petition, in which he raises an ineffective assistance of counsel claim that is substantially similar to the one he raised in his state post-conviction motion. The magistrate recommended that the petition be denied, and the district court ultimately adopted this recommendation. Specifically, the district court found that sufficient evidence supported the state court's finding that Mr. Schumacher understood the "no-denial" provision in the plea agreement as well as the consequences of having his probation revoked. Indeed, the district court held that Mr. Schumacher could not show that he was prejudiced by any erroneous advice from his counsel, because "he received correct advice from the trial court and, despite that advice, elected to proceed with his plea of guilty."

Mr. Schumacher filed a motion for reconsideration which the district court denied, and this appeal followed.

## II. DISCUSSION

A petitioner may not appeal the denial of habeas relief under § 2254 unless he obtains a COA. 28 U.S.C. § 2253(c)(1)(A). We will issue a COA "only if the applicant

has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This requires the petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

To obtain habeas relief under § 2254 on an issue that was adjudicated on the merits by a state court, a petitioner must demonstrate that the state court's resolution of the claim "was contrary to, or involved an unreasonable application of, clearly established federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

In this case, the clearly established federal law at issue is the standard applied to guilty plea challenges based on ineffective assistance of counsel. Generally, to establish ineffective assistance of counsel, Mr. Schumacher must show both "that counsel's representation fell below an objective standard of reasonableness" and that he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687–88, 692 (1984). Because Mr. Schumacher's ineffective assistance of counsel claim arises in the context of a guilty plea, in order to establish prejudice, he must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

As discussed above, the Colorado Court of Appeals determined that, based on the

language of the plea agreement which Mr. Schumacher signed and the trial court's statements during the plea hearing, Mr. Schumacher understood that: (1) he could not deny the offense for more than six months; and (2) he would be subject to an indeterminate life sentence if his probation was revoked. Accordingly, the state court concluded that even if Mr. Schumacher's counsel erroneously advised him on these two matters, he could not show prejudice from that advice. In resolving Mr. Schumacher's habeas petition, the district court agreed with the state court's resolution of the ineffective assistance of counsel claim, concluding that any deficient advice from Mr. Schumacher's counsel did not cause him prejudice.

In his application for a COA, Mr. Schumacher alleges that both the state and district court's resolutions of his ineffective assistance claim are contrary to clearly established federal law. Specifically, he contends that under *Hill v. Lockhart*, counsel's failure to properly advise a defendant regarding the consequences of his guilty plea causes the defendant prejudice that can never be cured by subsequent advice from the court or from other sources. We disagree.

Mr. Schumacher's reliance on *Hill* is misplaced. In *Hill*, the Supreme Court for the first time applied the two-part *Strickland* analysis to guilty plea challenges based on ineffective assistance of counsel. 474 U.S. at 58. In so doing, the Court did not hold that the validity of a guilty plea depends solely on counsel's advice leading up to the plea, nor did the Court hold that erroneous advice of counsel in connection with a guilty plea "cannot be cured by advice and counsel from the trial court," as Mr. Schumacher

- 6 -

suggests. To the contrary, the *Hill* court observed that "'an error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.'" *Id.* at 57 (alterations omitted). The Court went on to apply this principle in the context of the defendant's guilty plea. *Id.* at 59–60.

Moreover, since *Hill*, we have consistently held that defense counsel's failure to advise, or its furnishing of erroneous advice, regarding the consequences of a guilty plea generally does not cause the defendant prejudice if the defendant is correctly informed of the consequences by the trial court or other sources prior to entering the plea. *See United States v. Hamilton*, 510 F.3d 1209, 1216 (10th Cir. 2007) ("In light of the court's careful explanation of the plea's consequences and [the defendant's] testimony that he understood those consequences, [the defendant's] allegation that he would have gone to trial but for his attorney's failure to advise him of the career-offender provision is insufficient to establish prejudice."); *United States v. Gordon*, 4 F.3d 1567, 1571 (10th Cir. 1993) ("Given the fact that Defendant pleaded guilty even after being so informed by the court, his mere allegation that, but for original counsel's failure to inform him about the use of relevant conduct in sentencing, he would have insisted on going to trial, is insufficient to establish prejudice.").

In this case, Mr. Schumacher's claim that prior to pleading guilty he was not aware that he would be prohibited from denying the offense for more than six months is belied by the record. Indeed, Mr. Schumacher signed a plea agreement which explicitly

provides that he cannot deny the offense for more than six months, and he confirmed to the trial court during the plea hearing that he had read and understood the entirety of the plea agreement. Likewise, Mr. Schumacher's claim that he was unaware of the consequences of probation revocation prior to pleading guilty is without merit, because the trial court specifically advised him during the plea hearing that if his probation was revoked, he would face an indeterminate life sentence. In light of this record, Mr. Schumacher's contention that he would not have pleaded guilty absent his counsel's allegedly erroneous advice is insufficient to demonstrate prejudice. Accordingly, reasonable jurists could not debate the district court's conclusion that the state court resolved Mr. Schumacher's ineffective assistance claim in accordance with clearly established federal law.

## III. CONCLUSION

For the foregoing reasons, we DENY Mr. Schumacher's request for a COA and DISMISS his appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge