**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4097**

_____

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

DAVID HOWARD,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Marvin J. Garbis, Senior District
Judge.  (1:11-cr-00494-MJG-2)

_____

Submitted:  November 21, 2013       Decided:  December 18, 2013

_____

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Dennis  M.  Hart,  Washington,  D.C.,  for  Appellant.  Rod  J.
Rosenstein,  United  States  Attorney,  Mark  W.  Crooks,  Assistant
United  States  Attorney,  Julie  D.  Podlesni,  Special  Assistant
United  States  Attorney,  Baltimore,  Maryland,  for  Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Howard pled guilty to a robbery conspiracy and two related weapons charges pursuant to a negotiated Fed. R. Crim. P. 11(c)(1)(C) agreement. Howard was sentenced to the agreed upon sentence of thirty-two years and one day in prison. He appeals from the denial of his motion to withdraw his guilty plea.[1] We affirm.

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Dyess, 478 F.3d 224, 237 (4th Cir. 2007). A defendant seeking to withdraw his guilty plea bears the burden of demonstrating that withdrawal should be granted, id., and the defendant must show "'a fair and just reason'" for withdrawal of his plea. United States v. Faris, 388 F.3d 452, 456 (4th Cir. 2004) (citing Fed. R. Crim. P. 11(d)(2)(B)). In deciding

---

[1] At the end of his brief, in an argument not included in the table of contents or his summary of argument, Howard challenges the denial of his motion to dismiss the indictment. He asserts that his claims that he was improperly targeted for prosecution were improperly dealt with in a summary manner. However, our review of the record discloses that the court provided Howard ample opportunity to make his claims and then the court ruled on the claims, as raised. Howard was free to submit any evidence or make any inquiry he now claims was lacking. Accordingly, assuming this issue is properly before us, we affirm the district court's denial of Howard's motion to dismiss the indictment.

whether to permit a defendant to withdraw his guilty plea, a district court should consider the six factors outlined in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991):

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

Howard avers that the district court improperly weighed and considered the Moore factors in numerous ways. First, he argues that his plea was not knowing because it was based upon the incorrect advice of his attorney that he could withdraw his plea at any time.[2] Howard relies inter alia on his attorney's testimony that he informed Howard that he could withdraw his plea prior to the Rule 11 hearing and states that

---

[2] Later in his appellate brief, Howard contends that the Rule 11 hearing was deficient (and his plea involuntary) because he did not specifically agree to the factual stipulation. However, Howard did agree to plead guilty following the factual recitation and stated that he was pleading guilty because he was, in fact, guilty. Moreover, the parties (on Howard's insistence) negotiated a stipulated change to the factual recitation after it was read, which implies that the remainder of the statement was satisfactory. In any event, Howard signed the plea agreement, which contained essentially the same factual statement. Therefore, we conclude that any error in the Rule 11 hearing regarding the factual statement did not credibly undermine the voluntariness of the plea.

3

this advice could have led to a misunderstanding.  However, Howard's claim that he understood that he could withdraw his plea at any time cannot stand in the face of the language to the contrary in the plea agreement and Howard's testimony at his Rule 11 hearing.[3]  Even had he initially misunderstood the finality of his plea, the plea agreement and his Rule 11 hearing should have cleared up any misunderstanding.  Moreover, his attorney testified that he made it clear to Howard that once he had his Rule 11 hearing it would be very difficult to withdraw his plea.  The district court found the attorney's testimony to be credible, and we find no basis on which to disturb this finding on appeal.

Next, Howard claims that his plea was involuntary based upon his medical and emotional problems and medication and that his counsel and the court should have made a more searching inquiry prior to the Rule 11 hearing and at the motion to withdraw hearing.  This claim was waived by Howard at his hearing on his motion to withdraw when he explicitly stated that he was not pursuing it.  This statement followed the court's request that everything on which Howard was relying should be

---

[3]  In his plea agreement, Howard was informed that there would be no trial if he pled guilty, and at his Rule 11 hearing, he was told that the plea was important because there would be no trial.

4

examined and argued so that a proper record of his pro se allegations could be made. Howard fails to even address the waiver on appeal and, accordingly, provides no basis to ignore it.

Howard also avers that the district court erred in failing to make a sufficient record regarding the threats to investigate and prosecute his mother and the use of these threats to coerce his plea. While Howard recognizes that such threats are not unlawful, United States v. Pollard, 959 F.2d 1011, 1021 (D.C. Cir. 1992), he claims that there is no evidence on the record as to whether these threats were made in good faith or not. However, Howard bore the burden to show that his motion was meritorious; as such, Howard was charged with showing that there was no probable cause to charge his mother with a crime. See United States v. Wright, 43 F.3d 491, 499 (10th Cir. 1994) (holding that, in order to lawfully threaten third persons with prosecution during plea negotiations, the Government must have probable cause that those third parties committed the crimes covered by the threats). The district court was not required to make his case for him, and even on appeal, Howard presents no evidence on which to question the Government's good faith.

Next, Howard alleges that he credibly asserted his innocence and that the district court erred in determining that

the proper test was whether the Government could prove its case if it went to trial. In attempting to withdraw from a guilty plea, a defendant is not required to provide conclusive proof of innocence. See United States v. Thompson-Riviere, 561 F.3d 345, 353 (4th Cir. 2009). Instead, a defendant's burden is to credibly assert his legal innocence: that is, to present evidence that (1) inspires belief and (2) tends to either defeat the elements in the government's prima facie case or make out a successful affirmative defense. Id.; see also United States v. Hamilton, 510 F.3d 1209, 1214 (10th Cir. 2007) ("[T]he defendant must present a credible claim of legal innocence. In other words, the defendant must make a factual argument that supports a legally cognizable defense." (citations omitted and emphasis in original)).

Here, Howard avers that he never accepted the statement of facts at the Rule 11 hearing and that a main witness against him had since changed his story and expressed remorse about implicating Howard. However, Howard presented no evidence aside from his own conclusory testimony to support his allegations of innocence and new evidence. In fact, in presenting his case, Howard did not even detail his actual relationship to the conspiracy, if any, or provide specific explanation as to his actual knowledge, if any, of the crimes. He referred to transcripts and emails and phone calls, but

6

failed to actually produce any evidence. Contrary to Howard's contentions, asserting his legal and actual innocence and demanding a trial is insufficient to make a credible claim of innocence. See Hamilton, 510 F.3d at 1214-15.

Next, Howard contends that he did not have close assistance of competent counsel. To prevail on this factor, Howard must demonstrate "(1) that his counsel's performance 'fell below an objective standard of reasonableness' and (2) that 'there [was] a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial.'" United States v. Bowman, 348 F.3d 408, 416 (4th Cir. 2003). Under this standard, this court's inquiry is limited to whether Howard's counsel "was reasonable 'under prevailing professional norms,' and in light of the circumstances." Id.

We find that the district court's conclusions that Howard's attorney acted reasonably were not an abuse of discretion. The court accepted the attorney's testimony that, as there was no chance of success at trial, he instead attempted (and succeeded) in negotiating a beneficial plea agreement. Howard presented no evidence in district court (or on appeal) showing that he had a reasonable chance for success at trial. While Howard further alleges that his attorney improperly assumed his guilt and failed to properly analyze the

7

consequences of filing a motion to suppress, Howard offers no analysis of the evidence showing that his attorney's findings were erroneous.

We have carefully considered Howard's remaining claims of error, and we find no abuse of discretion in the district court's ruling. Accordingly, we affirm Howard's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

8