FILED
United States Court of Appeals
Tenth Circuit

February 26, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

KALEB JERMAINE MYERS,
a/k/a Gurillo,

       Defendant - Appellant.

No. 13-5048
(D.C. No. 4:12-CR-00196-CVE-2)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **McKAY**, and **ANDERSON**, Circuit Judges.

Kaleb Jermaine Myers was convicted by a jury of one count of conspiracy to

commit Hobbs Act robbery (18 U.S.C. § 1951), two counts of Hobbs Act robbery

(18 U.S.C. §§ 1951 and 1952(a)(2)), and two counts of brandishing a firearm in

furtherance of Hobbs Act robberies (18 U.S.C. § 924(c)(1)(A)(ii)).  He appeals the

convictions for brandishing a firearm in furtherance of the robberies on the grounds

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of insufficient evidence, and all the convictions on the grounds of ineffective assistance of counsel. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm his convictions under § 924(c)(1)(A)(ii), and dismiss the ineffective-assistance claim without prejudice.

## Background

In the early morning hours of August 17, 2012, Mr. Myers and Julien Lee Hale, robbed at gun point two convenience stores in Tulsa, Oklahoma. The gun used in the robberies was never recovered. The prosecution presented testimony from Mr. Hale who, as part of a plea bargain in which he received a reduced sentence, testified that Mr. Myers was his gun-wielding accomplice. The night clerks from each store testified to the events that unfolded during the robberies, including being struck with a gun. At the conclusion of the government's case, Mr. Myers moved for a judgment of acquittal "for lack of sufficiency of the evidence." R. Vol. 3 at 129. The district court denied the motion, "find[ing] . . . that the evidence presented by the government is substantial as to each element of each offense." *Id*. at 130. Mr. Myers elected not to testify and otherwise presented no evidence.

## Sufficiency of the Evidence

On appeal, Mr. Myers argues that the lay witnesses' testimony was insufficient for the jury to have found him in possession of a "firearm." Section 924(c)(1)(A)(ii) provides for an enhanced sentence for brandishing a weapon in furtherance of a Hobbs Act robbery. In turn, the relevant portion of the statute defining a "firearm"

states that it includes "(A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive" and "(B) the frame or receiver of any such weapon." 18 U.S.C. § 921(a)(3). *See also* 10th Cir. Pattern Crim. Jury Instr. 2.45.1 (2011), which tracks that statute and was the instruction given to the jury. R. Vol. 1 at 254. Mr. Myers argues that his convictions for brandishing a firearm should be reversed because "[t]he government introduced no evidence that any alleged firearm possessed by [him] in the course of these crimes was capable of being used to fire a bullet, i.e. that it actually worked as a gun or in fact was a real gun at all." Aplt. Opening Br. at 8.

Generally, "[w]e review the record for sufficiency of the evidence *de novo* to determine whether a reasonable jury could find the defendant guilty beyond a reasonable doubt, given the direct and circumstantial evidence, along with reasonable inferences therefrom, taken in a light most favorable to the government." *United States v. Diaz*, 679 F.3d 1183, 1187 (10th Cir. 2012) (internal quotation marks omitted). The government, however, argues for plain-error review because Mr. Myers did not raise this or any other specific issue in his motion for judgment for acquittal. *See United States v. Schene*, 543 F.3d 627, 636 (10th Cir. 2008) (holding that we apply plain-error to review of issues not specified in a motion for judgment of acquittal). We need not decide the issue because Mr. Myers's claim fails even under de novo review.

"[A] conviction under 18 U.S.C. § 922(g) and § 924 does not require that the gun be functional. Rather, it is sufficient that the gun was designed to expel a projectile, or that it was the frame of such a weapon." *United States v. Spence*, 721 F.3d 1224, 1230 (10th Cir.) (internal quotation marks omitted), *cert. denied*, 134 S. Ct. 660 (U.S. Nov. 18, 2013) (No. 13-6875).

There was sufficient evidence from which a reasonable jury could have found beyond a reasonable doubt that Mr. Myers brandished a "firearm" in the course of the robberies. The clerk at the first store testified that he was struck with a gun on the back of the head during the robbery. When asked whether it was a "real firearm," he said "Yeah," R. Vol. 3 at 47, and further explained that he believed the weapon was a "revolver," *id*. at 48. He opined "that [the gun] looked to be the real deal," *id*. at 55, and that he got a good look at it when he was staring down its barrel, *id*. at 56.

The clerk at the second store also testified. She told the jury that the perpetrator hit her in the head with a metal object and told her that he "would blow [her] f . . . ing brains out several times." *Id*. at 67. She said there was "[n]o doubt at all" that the weapon she observed was real. *Id*. at 68. When asked on cross examination whether the gun was functional, she said "Yes. . . . It looked like it was really metal by the way it looked. It did not look like a toy gun." *Id*. at 69-70.

**Ineffective Assistance of Counsel**

According to Mr. Myers, his trial counsel was ineffective because he "should have confronted Mr. Hale with his prior inconsistent statements, including the

- 4 -

transcripts of his previous interviews with law enforcement," and the failure to do so was "both deficient and prejudicial." Aplt. Opening Br. at 11. We do not consider this argument, however, because "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). There are exceptions to this rule, such as where the district court has held a hearing and made a finding on the issue. *See, e.g., United States v. Hamilton*, 510 F.3d 1209, 1212-13 (10th Cir. 2007). However, this issue was not raised and ruled on in the district court and we therefore dismiss the claim without prejudice. *See United States v. Gell-Iren*, 146 F.3d 827, 831-32 (10th Cir. 1998) (dismissing without prejudice the defendant's claim of ineffective assistance of counsel where the record was not developed).

For the foregoing reasons, we affirm Mr. Myers's convictions and dismiss without prejudice his ineffective-assistance of counsel claim.

Entered for the Court

Monroe G. McKay
Circuit Judge