**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 31, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

GUSTAVO HERNANDEZ-LOPEZ,

      Defendant - Appellant.

No. 17-4087
(D.C. No. 2:15-CR-00691-DS-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

After entering into a plea agreement that included an appeal waiver,

Gustavo Hernandez-Lopez pled guilty to one count of possession of heroin with

intent to distribute in violation of 21 U.S.C. § 841(a)(1).  He was sentenced to

120 months' imprisonment.

Despite the appeal waiver, Hernandez-Lopez filed a pro se notice of appeal.

The government has moved to enforce the appeal waiver.  *See United States v. Hahn*,

359 F.3d 1315, 1328 (10th Cir. 2004) (en banc).  In response to the motion to

---

[*] This panel has determined unanimously that oral argument would not
materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.
This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

enforce, Hernandez-Lopez states that he wishes to challenge his conviction and sentence based on the ineffective assistance of counsel. We grant the motion to enforce and dismiss the appeal.

"Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). We address ineffective assistance claims on direct appeal only under a narrow set of circumstances, such as when the ineffective assistance claim is "fully developed on the record." *United States v. Hamilton*, 510 F.3d 1209, 1213 (10th Cir. 2007) (internal quotation marks omitted). When, as in this case, a defendant "offers no argument supporting a reason to depart from our general practice" we will not "do so, especially in light of [the] failure to meaningfully argue the claim." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005).

The motion to enforce is granted, and this appeal is dismissed.

Entered for the Court
Per Curiam