**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 24, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAYMOND NORCUTT, JR.,

Defendant - Appellant.

No. 07-8088
(D. Ct. No. 07-CR-90-WFD)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-Appellant Raymond Norcutt appeals the district court's denial of his motion to withdraw his guilty plea. His appointed counsel has filed a brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967). We have reviewed the record and conclude that no meritorious appellate issues exist. Accordingly, we

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

GRANT the motion to withdraw and DISMISS Mr. Norcutt's appeal.

## I. BACKGROUND

After he sold seven grams of methamphetamine and a semiautomatic pistol to an undercover police officer while being audio-recorded, Mr. Norcutt was indicted in March 2007 on two counts of distributing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); one count of being a felon in possession of a firearm, in violation of 21 U.S.C. § 922(g)(1); one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and one count of unlawful possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k). Thereafter, a conflict arose between Mr. Norcutt and his appointed counsel, so new counsel was appointed to represent him. That attorney negotiated a plea agreement with the government pursuant to Fed. R. Crim. P. 11(c)(1)(C), and Mr. Norcutt signed it on July 2.

Under the terms of the plea agreement, Mr. Norcutt agreed to plead guilty to three of the five counts in the indictment, acknowledged his waiver of specified constitutional rights, further acknowledged that he was aware of the charges against him and the minimum and maximum penalties that could be imposed, agreed that there were no circumstances that would entitle him to withdraw his plea, and promised to cooperate with the government. Additionally, the parties agreed that the district court could not sentence Mr. Norcutt to more than 151 months' imprisonment, but that Mr. Norcutt could ask for a lesser sentence. The government agreed to dismiss two of the five counts in the

indictment and to seek a reduction of three offense levels for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b). At the change-of-plea hearing the following week, the district court determined that Mr. Norcutt's plea was knowing and voluntary and accepted it.

Prior to sentencing, in September 2007, Mr. Norcutt filed a pro se motion for substitution of counsel. In October, he filed a pro se motion to withdraw his plea and another pro se motion to suppress all evidence in the case. At the sentencing hearing in January 2008, the district court denied the motions and sentenced Mr. Norcutt to 84 months' imprisonment. Mr. Norcutt's trial counsel was permitted to withdraw, and new counsel was appointed to assist Mr. Norcutt on appeal. That counsel filed a timely notice of appeal and submitted an *Anders* brief on the issue of whether Mr. Norcutt should be permitted to withdraw his guilty plea.

## II. DISCUSSION

We review the district court's denial of a motion to withdraw a guilty plea for an abuse of discretion. *United States v. Hamilton*, 510 F.3d 1209, 1213 (10th Cir. 2007). Under Fed. R. Crim. P. 11(d)(2)(B), a defendant may withdraw his guilty plea prior to sentencing "if the defendant can show a fair and just reason for requesting the withdrawal." The defendant bears the burden to establish a fair and just reason. *Id.* at 1214. In determining whether the defendant has met his burden, we consider "(1) whether the defendant has asserted his innocence, (2) prejudice to the government, (3) delay in filing defendant's motion, (4) inconvenience to the court, (5) defendant's

assistance of counsel, (6) whether the plea is knowing and voluntary, and (7) waste of judicial resources." *United States v. Gordon*, 4 F.3d 1567, 1572 (10th Cir. 1993).

A.      *Assertion of Innocence*

At the sentencing hearing, Mr. Norcutt stated that he did not commit the offenses to which he pleaded guilty. We also construe Mr. Norcutt's pro se motion to suppress as an assertion of his innocence. *See Hamilton*, 510 F.3d at 1214 (explaining that a defendant may satisfy the assertion-of-innocence factor by claiming he is legally innocent). In that motion, Mr. Norcutt argued that the recorded communications that captured the sale of methamphetamine and the firearm to the undercover officer violated his Fourth Amendment rights by failing to obtain proper authorization to intercept his wire or oral communications as required by 18 U.S.C. § 2518.

"[A]lthough the assertion of legal innocence may satisfy this factor in some instances, the mere assertion of a legal defense is insufficient; the defendant must present a *credible* claim of legal innocence." *Id.* Put another way, the defendant must set forth facts that would support a legally cognizable defense. *Id.* No such facts exist here. Mr. Hamilton's contention that 18 U.S.C. § 2518 provides a basis for suppressing the recording of the sale is factually unsupportable because that statute governs *interceptions* of communications. In this case, however, there was no intercepted communication; the undercover officer simply recorded the conversation he personally had with Mr. Norcutt.

Mr. Norcutt also contends that he has an entrapment defense. Mr. Norcutt does not explain, however, the facts that would support any such defense. We have also

- 4 -

thoroughly reviewed the entire record and have located nothing that would support an entrapment defense. Similarly, Mr. Norcutt did not explain the basis for his assertion of innocence during the sentencing hearing. Therefore, we conclude that he has not satisfied this factor.

B.     *Ineffective Assistance of Counsel*

"Ineffective-assistance claims should generally be brought in collateral proceedings, rather than on direct appeal, so that a factual record enabling effective appellate review may be developed in the district court." *Hamilton*, 510 F.3d at 1213. As this issue was not fully developed below, there is no reason to depart from this general rule in this case. Therefore, we do not consider Mr. Norcutt's claim that he pleaded guilty based on ineffective representation.

C.     *Knowing and Voluntary Plea*

Mr. Norcutt contends that his guilty plea was not knowing and voluntary because his attorney informed him that he could withdraw the plea at any time. This is contrary to the advisement that he received from the district court at the change-of-plea hearing. Moreover, the record made by the district court demonstrates that Mr. Norcutt's plea was made with a complete understanding of the charges, the possible consequences, his plea options and the rights he waived, that he had the benefit of competent counsel to assist him, that he was competent to enter the plea and that he was fully advised as to the nature of the proceedings against him.

D.     *Other Factors*

Because Mr. Norcutt has failed to establish a fair and just reason for withdrawing his plea by sufficiently asserting his innocence, prevailing on his ineffective-assistance claim, or demonstrating that his plea was not knowing or voluntary, we need not address the remaining four factors and conclude that the district court did not abuse its discretion in denying Mr. Norcutt's motion. *See id.* at 1217.

### III.  CONCLUSION

Upon a full examination of the record as required by *Anders*, we find no nonfrivolous basis for Mr. Norcutt to challenge his guilty plea.  Accordingly, we GRANT counsel's motion to withdraw and DISMISS this appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge