**UNITED STATES COURT OF APPEALS**

**July 16, 2008**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JACQUELINE LORRAINE HOLTZ,

      Defendant-Appellant.

No. 06-8058
(D.C. No. 05-CR-57-D)
(Dist. of Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, Chief Judge, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

      This case returns to us after the Supreme Court granted certiorari, vacated our judgment, and remanded for reconsideration in light of *Gall v. United States*, 128 S. Ct. 586 (2007). Defendant-Appellant Jacqueline Lorraine Holtz had successfully sought certiorari from this Court's decision, which affirmed her 87-month sentence. *See Holtz v. United States*, 128 S. Ct. 1648 (2008). We now apply *Gall* and our subsequent case law to evaluate the procedural and substantive reasonableness of Ms. Holtz's sentence. We find no error and, accordingly, **AFFIRM**.

---

[*]   This Order and Judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

# BACKGROUND

We detailed the facts and procedural history of this case in our previous order, *United States v. Holtz*, 226 F. App'x 854 (10th Cir. 2007) (unpublished). Because the Supreme Court only vacated the judgment, and not the order itself, we need not fully repeat that discussion here. A brief summary will suffice.

Defendant-Appellant Jacqueline Lorraine Holtz pleaded guilty to possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). The Pre-Sentence Report ("PSR") recommended an offense level of 29, which incorporated several adjustments under the United States Sentencing Guidelines ("Guidelines"). Because Ms. Holtz had no prior criminal record, the PSR placed her in Criminal History Category I. The advisory Guidelines range for her offense was 87 to 108 months.

Following testimony at the sentencing hearing, the district court adopted the PSR's recommended factual findings. Ms. Holtz asked for a sentence below the advisory Guidelines range. Ms. Holtz claimed to have suffered from childhood sexual abuse, which she said ultimately led her to commit the charged offense. The district court accepted Ms. Holtz's childhood abuse claims as true but determined that a downward variance was not warranted. The court sentenced her to an 87-month term of imprisonment, the bottom of the Guidelines range, and imposed a supervised release term of 10 years.

Ms. Holtz timely filed an appeal. We affirmed, concluding that Ms. Holtz's sentence was procedurally and substantively reasonable. *See Holtz*, 226 F. App'x at 862.

Subsequently, the Supreme Court decided *Gall*.  We review the merits of Ms. Holtz's

appeal in light of that decision.

## DISCUSSION

We review Ms. Holtz's sentence for reasonableness, "giving deference to the

district court under 'the familiar abuse-of-discretion standard.'" *United States v. A.B.*, ___

F.3d ___, Case No. 06-2164, 2008 WL 2498026, at *2 (10th Cir. June 24, 2008) (quoting

*Gall*, 128 S. Ct. at 594).  "A district court abuses its discretion when it renders a judgment

that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v.*

*Muñoz-Nava*, 524 F.3d 1137, 1146 (10th Cir. 2008) (internal quotation marks omitted).

In particular,

> we recognize that in many cases there will be a range of possible
> outcomes the facts and law at issue can fairly support; rather than
> pick and choose among them ourselves, we will defer to the district
> court's judgment so long as it falls within the realm of these
> rationally available choices.  And there are perhaps few arenas where
> the range of rationally permissible choices is as large as it is in
> sentencing . . . .

*United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007), *cert. denied*, 128 S. Ct.

1917 (2008).  "Reasonableness review is comprised of a procedural component and a

substantive component." *United States v. Haley*, ___ F.3d ___, Case No. 07-5041, 2008

WL 2514156, at *3 (10th Cir. June 25, 2008).  Ms. Holtz's appeal puts both components

at issue.

### A.  Procedural Reasonableness

*Gall* instructs that we must first ensure that the district court has committed no

significant procedural error. *Gall*, 128 S. Ct. at 597; *see Muñoz-Nava*, 524 F.3d at 1146.

One of the circumstances in which such error may arise is when a sentencing court

"treat[s] the Guidelines as mandatory." *Gall,* 128 S. Ct. at 597. As we discussed in our

prior order, the essence of Ms. Holtz's procedural challenge was that the district court

effectively rendered the Guidelines mandatory by ignoring or paying only lip service to

the other § 3553(a) factors. *Holtz*, 226 F. App'x at 859 & n.4. Contrary to Ms. Holtz's

challenge, we concluded that the district court specifically acknowledged the § 3553(a)

factors. *Id.* at 859-60. It stated:

> The Court looks carefully at 18 United States Code 3553(a) factors
> and has the statute open on the bench and is reviewing them as I
> speak. I've considered the nature and circumstances of the offense
> and the need for the sentence to reflect the seriousness of the offense;
> before that, a deterrence to criminal conduct by this defendant and
> others; to protect the public from further crimes of this defendant; to
> provide her with need of medical care and other correctional
> treatment because certainly she's in need of it; and the Court
> believes that the authors of the sentencing guidelines have taken
> those factors into account to a sufficient degree that *I do not think I
> should exercise authority under* <u>Booker</u> *to depart*.[1]

R., Vol. III, Tr. at 56-57 (Sentencing Hearing, dated June 19, 2006) (emphasis added).

Nothing in *Gall* leads us to deviate from that conclusion of propriety. In particular, the

---

[1]     As we previously noted, "[a]lthough both the court and defense counsel made references to a 'departure' during the course of the sentencing hearing, the hearing transcript makes clear that both the defense and the court recognized that the question for decision was whether Ms. Holtz was entitled to a variance." *Holtz*, 226 F. App'x at 859 n.5. *See generally United States v. Atencio*, 476 F.3d 1099, 1101 (10th Cir. 2007) (discussing the distinction between "departures" and "variances"), *overruled in part on other grounds by Irizarry v. United States,* 128 S. Ct. 2198, 2201 n.1, 2203-04 (2008).

-4-

quoted passage indicates that the district court knew that it had discretion, and it intentionally chose to impose a sentence at the bottom of the Guidelines range. Accordingly, we hold that the district court did not apply the Guidelines in a mandatory fashion and, consequently, Ms. Holtz's procedural challenge fails.[2]

## B. Substantive Reasonableness

Now that we have determined that no procedural error has occurred, we must consider the substantive reasonableness of the sentence imposed. *Gall*, 128 S. Ct. at 597. "The substantive component relates to the length of the sentence: In evaluating the substantive reasonableness of a sentence, we ask whether the length of the sentence is reasonable considering the statutory factors delineated in 18 U.S.C. § 3553(a)." *A.B.*, 2008 WL 2498026, at *2 (internal quotation marks omitted) (quoting *United States v.*

---

[2]     After the remand from the Supreme Court, we directed the parties to file supplemental briefs addressing the impact of *Gall* on the resolution of Ms. Holtz's appeal. For the first time in her supplemental brief, Ms. Holtz intimates that her sentence also is procedurally unreasonable because the district court failed to offer an adequate explanation. Aplt. Supp. Br. at 7 ("The Sentencing Court did not give an adequate explanation for its sentence such that the Appellate Court could give meaningful review of the Sentencing Courts [sic] sentence."). We decline to consider this late-blooming contention. *See, e.g.*, *United States v. Black*, 369 F.3d 1171, 1176 (10th Cir. 2004) ("Failure to raise an issue in the opening appellate brief waives that issue."). Even if we were to do so, we would conclude that it was without merit. Under the circumstances of this case, where the district court imposed a sentence within the advisory Guidelines range, "as a matter of procedural regularity or reasonableness the district court was required as a matter of law only to provide a general statement of the reasons for its imposition of the particular sentence." *McComb*, 519 F.3d at 1054 (internal quotation marks omitted). Viewing the record as a whole, we have no doubt that the district court satisfied this standard and "arguably may have exceeded" it. *A.B.*, 2008 WL 2498026, *11 n.18; *see McComb*, 519 F.3d at 1055.

*Hamilton*, 510 F.3d 1209, 1217-18 (10th Cir. 2007), *cert. denied*, 128 S. Ct. 1922 (2008)). "A substantively reasonable sentence ultimately reflects the gravity of the crime and the § 3553(a) factors as applied to the case." *United States v. Atencio*, 476 F.3d 1099, 1102 (10th Cir. 2007), *overruled in part on other grounds by Irizarry v. United States,* 128 S. Ct. 2198, 2201 n.1, 2203-04 (2008).

The district court has a wide range of discretion in balancing the § 3553(a) factors. *See United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008) ("We may not examine the weight a district court assigns to various § 3553(a) factors, and its ultimate assessment of the balance between them, as a legal conclusion to be reviewed de novo."). In *United States v. Kristl*, 437 F.3d 1050 (10th Cir. 2006) (per curiam), this Court adopted a rebuttable presumption that sentences within the properly-calculated Guidelines range are substantively reasonable. *Id.* at 1054.

The presumption is permissible, but not required. *Gall*, 128 S. Ct. at 597 ("If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness."); *see Rita v. United States*, 127 S. Ct. 2456, 2462 (2007) ("The first question is whether a court of appeals *may* apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines. We conclude that it can." (emphasis added)). In *Rita*, the Supreme Court "specifically cited our decision in *Kristl* as an example of the permissible presumption." *United States v. Angel-Guzman,* 506 F.3d 1007, 1012 (10th Cir. 2007).

"[T]he presumption of reasonableness is a deferential standard that either the

defendant or the government may rebut by demonstrating that the sentence is unreasonable when viewed against the other factors delineated in § 3553(a)." *United States v. Tindall*, 519 F.3d 1057, 1066 (10th Cir. 2008) (internal quotation marks omitted) (quoting *Kristl*, 437 F.3d at 1054).

> However, given the district court's institutional advantage over our ability to determine whether the facts of an individual case justify a variance pursuant to § 3553(a) (given that the sentencing judge, for example, sees and hears the evidence, makes credibility determinations, and actually crafts Guidelines sentences day after day), we generally defer to its decision to grant, or not grant, a variance based upon its balancing of the § 3553(a) factors.

*Haley*, 2008 WL 2514156, at *3.

Ms. Holtz has failed to rebut the presumption of reasonableness. Based upon the evidence of childhood sexual abuse that she put before the district court at sentencing, Ms. Holtz contends that a reasonable sentence under the § 3553(a) factors would consist of probation with counseling, therapy, and testing. She specifically states that "[t]he evidence at the sentencing hearing was clear that the only reasonable sentence was probation with extensive psychosexual counseling." Aplt. Supp. Br. at 5 (internal quotation marks omitted). Ms. Holtz's evidence did implicate certain § 3553(a) factors, including subsections (a)(1) "(history and characteristics of the defendant")" and (a)(2)(D) ("the need for the sentence imposed . . . to provide the defendant with needed . . . medical care").

The district court, however, directly addressed the significance of Ms. Holtz's evidence for a below-Guidelines sentence and did not abuse its discretion in concluding

-7-

that such a sentence was not appropriate. In particular, the court's reasoning reflects that it carefully weighed the § 3553(a) factors implicated by Ms. Holtz's evidence along with the other § 3553(a) factors. For example, as § 3553(a)(6) requires, the district court took into consideration the need to avoid unwarranted sentencing disparities on a nationwide basis between defendants with similar records and Guidelines calculations. *See United States v. Verdin-Garcia*, 516 F.3d 884, 899 (10th Cir. 2008), *petition for cert. filed,* (U.S. June 13, 2008) (No. 07-11429), (noting that § 3553(a)(6) "requires a judge to take into account only disparities nationwide among defendants with similar records and Guideline calculations" (emphasis omitted)); *see also Tindall*, 519 F.3d at 1066. The court stated:

> The Court will accept as a fact that the defendant was abused at a young age by an adult male, and the Court's determination as to the application of the guideline sentencing in this case does not diminish that conduct against her.
>
> But as the United States rightly points out, a substantial portion of those who are committed to the custody of the United States Bureau of Prisons facility at Butner, North Carolina, which is the facility chiefly responsible for treating people who commit sex crimes—a substantial portion of them have themselves . . . [been] sexually abused as a child.
>
> There is nothing particularly out of the ordinary about this. This is the typical kind of case presented to me where a person claims that they have been sexually abused as a child. It's not uncommon. It's a routine problem for me to address.

R., Vol. III, Tr. at 54-55. In effect, the district court concluded that Ms. Holtz's childhood sexual abuse did not take her out of the category of the "ordinary" defendant who is sentenced under the Guidelines for similar child-pornography crimes. Because

district courts are "better positioned to evaluate the 'ordinariness'" of a defendant "than we are," we are inclined to defer to the district court's conclusion regarding Ms. Holtz. *Smart*, 518 F.3d at 808 n.6. Therefore, the district court could reasonably conclude that because Ms. Holtz's evidence did not take her out of the category of an "ordinary" defendant under the Guidelines, that evidence also did not justify a below-Guidelines sentence.[3]

Furthermore, the district court's reasoning reflects that it recognized the need to incorporate into the sentencing calculus the seriousness of the offense under subsection (a)(2)(A). Relevant to that factor, the court stated: "Possession of child pornography is a serious matter. It's not just the possessing of it; it's what is done to innocent victims worldwide in order to allow adults to knowingly possess it." R., Vol. III, Tr. at 9; *see also id.* at 56 ("The fact of the matter is, little girls were victimized for the purpose of giving other [sic] adults gratification at their victimization.").

We have noted that "[i]n many cases, the Guidelines recommendation and the district court's individualized determination will continue to overlap." *Smart*, 518 F.3d at 809. In essence, after expressly considering Ms. Holtz's individual circumstances, the district court here determined that this was one of those overlap cases. In that regard, the

---

[3] In *Smart*, we recognized that recent Supreme Court decisions, including *Gall*, abrogated our prior practice of "[a]llowing sentencing variances only on the existence of extraordinary defendant characteristics and history." 518 F.3d at 808 (internal quotation marks omitted). However, just because a sentencing court *may* vary when presented with an "ordinary" defendant, certainly does not mean that it must.

court stated: "[T]he Court believes that the authors of the sentencing guidelines have taken those factors [implicated by Ms. Holtz's evidence] into account to a sufficient degree that I do not think I should exercise authority under *Booker* to depart." R., Vol. III, Tr. at 57. Under the abuse-of-discretion standard defined in *Gall* and its progeny, we discern no error in this determination.

## CONCLUSION

Giving due consideration to *Gall* as the Supreme Court directed, we conclude that the district court did not commit procedural or substantive error in sentencing Ms. Holtz. Accordingly, we **AFFIRM** her sentence.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge