FILED
United States Court of Appeals
Tenth Circuit

October 29, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ARTHUR EDDIE HERNANDEZ,

Defendant - Appellant.

No. 08-8076
(D.C. No. 2:07-CR-00239-WFD-13)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRORBY**, and **MURPHY**, Circuit Judges.

---

Defendant-Appellant Arthur Eddie Hernandez pled guilty to conspiracy to possess with intent to distribute and to distribute 50 grams or more of methamphetamine. 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846; 1 R. Doc. 562 at 1; 1 Supp. Rec. Doc. 315 at 2. The district court sentenced him to 151 months' imprisonment followed by five years' supervised release. 6 R. at 30. On appeal, Mr. Hernandez challenges the procedural reasonableness of his sentence arguing that the district court erred by failing to consider his request for a variance. Aplt.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Br. at 3, 7. As part of that challenge, he also contends that the district court did not adequately explain how it applied the 18 U.S.C. § 3553(a) factors. Id. at 9. Our jurisdiction arises pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and we affirm.

Background

From approximately January 2006 through mid-2007, the Esteban Cornelio-Legarda drug trafficking organization distributed crystal methamphetamine in central Wyoming. 7 R. at 9. Mr. Hernandez, then addicted to methamphetamine, obtained and distributed drugs from Mr. Cornelio and others during the summer of 2007. 5 R. at 28-31; 7 R. at 9-11. Mr. Hernandez traded various small quantities of methamphetamine with fellow addicts. Aplt. Br. at 4; see 5 R. at 28-31. Mr. Hernandez maintains that these drugs deals were among friends and not for his own profit. 5 R. at 28-31. As he put it, "[i]t wasn't to make money, yeah, it was just – to support my habit." Id. at 31; Aplt. Br. at 4. Court-authorized telephone intercepts recorded Mr. Hernandez participating in these drug trades. 7 R. at 9.

In April 2008, Mr. Hernandez pled guilty. A presentence report (PSR) calculated Mr. Hernandez's advisory Guidelines range. The base offense level was 32, U.S.S.G. § 2D1.1(c)(4) (2007), and Mr. Hernandez received a three-point reduction for acceptance of responsibility, U.S.S.G. § 3E1.1(a) & (b), resulting in

a total offense level of 29. 7 R. at 12-13. With 14 criminal history points, his criminal history category was VI, resulting in an advisory Guidelines range of 151-188 months. U.S.S.G. ch. 5. pt. A. One of the convictions counted in the criminal history computation was a 2002 state controlled substances conviction which added two points. Had this conviction not been counted, the criminal history category would have been V, resulting in an advisory Guidelines range of 140-175 months. Aplt. Br. at 5.

Mr. Hernandez objected to the PSR arguing that the 2002 conviction should not be counted because it arose out of a failed urinalysis while he was on probation for another offense. 6 R. 4-6. According to Mr. Hernandez's counsel, when someone on state probation fails a drug test, it is unusual for the state to charge a new crime instead of simply revoking probation. Id. Counsel suggested that Mr. Hernandez's waiver of counsel for the offense probably resulted in the charge.

The district court included the two criminal history points viewing the objection as "a collateral attack on that conviction which the Court will not countenance here. Those two criminal history points are properly calculated." 6 R. at 19; see also 7 R. att. 2 at *i*.

Discussion

We review a sentencing decision for reasonableness under a deferential

- 3 -

abuse-of-discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007); United States v. Huckins, 529 F.3d 1312, 1317 (10th Cir. 2008). In a review for procedural reasonableness, we ask whether the sentencing court erred in "failing to calculate (or improperly calculating) the Guidelines . . . failing to consider the § 3553(a) factors, . . . or failing to adequately explain the chosen sentence." Gall v. United States, 128 S. Ct. 586, 597 (2007); United States v. Alapizco-Venezuela, 546 F.3d 1208, 1214-15 (10th Cir. 2008). We review the district court's "legal conclusions de novo and its factual findings for clear error." United States v. Kristl, 437 F.3d 1050, 1055 (10th Cir. 2006). Where a defendant fails to object to the reasonableness of his sentence or to the explanation of his sentence, we review for plain error. United States v. Hamilton, 510 F.3d 1209, 1218 (10th Cir. 2007); United States v. Romero, 491 F.3d 1173, 1180 (10th Cir. 2007).

Mr. Hernandez concedes that the 2002 conviction "is a valid, constitutional conviction." Aplt. Br. at 8. He argues that the district court viewed his objection as an improper collateral attack, when in reality it was request for a variance. Aplt. Br. at 3, 8; Aplt. Reply Br. at 3; 6 R. at 4-6. He suggests that the government plainly understood it to be a request for a variance. Aplee. Br. at 7; Aplt. Reply Br. at 3. Although the court mentioned the § 3553(a) factors, Mr. Hernandez maintains that it did not explain why it included the two criminal history points in the sentence in light of the factors. Aplt. Br. at 8-9.

Based on our review of the record, Mr. Hernandez simply did not ask for a variance. Rather, he asked the court to ignore two criminal history points in its calculation of his advisory sentence. 6 R. at 4-6; 7 R. att. 2. at *i*. The government did not preserve the variance issue merely by surmising that Mr. Hernandez was asking the court in its "discretion" to not count the two criminal history points. 6 R. at 17-18. Mr. Hernandez likewise did not object to the district court's explanation of its announced sentence. 6 R. at 33. Accordingly, our review is for plain error.

Plain error requires that Mr. Hernandez establish: (1) error, (2) that is plain, (3) which affects a defendant's substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings. Romero, 491 F.3d at 1178. The district court was required to compute the advisory Guidelines sentence including the 2002 conviction. See Gall, 128 S. Ct. at 596. We know of no authority suggesting that a district court is required to sua sponte consider a variance when it is not requested. Likewise, we find no procedural error in the district court's application of the § 3553(a) factors. The district court need not provide a "lengthy explanation." Rita v. United States, 551 U.S. 338, 356 (2007); United States v. Verdin-Garcia, 516 F.3d 884, 898 (10th Cir. 2008). It is apparent

from the record and the sentencing colloquy that the district court considered the factors.  6 R. at 28-30.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge