FILED
United States Court of Appeals
Tenth Circuit

September 5, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

TIJUAN A. LEE,

       Defendant - Appellant.

No. 12-3073
(D.C. No. 2:10-CR-20128-KHV-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

Tijuan Lee appeals from his conviction and sentence on a crack cocaine charge.

He faults the district judge for not permitting him to withdraw his guilty plea and

contends the testimony supporting the judge's relevant conduct findings is unreliable. He

also claims counsel was ineffective during the sentencing process. The government

---

[*] The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R.
34.1(G). This case is submitted for decision on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th
Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1.
It is appropriate as it relates to law of the case, issue preclusion and claim preclusion.
Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A).
Citation to an order and judgment must be accompanied by an appropriate parenthetical
notation – (unpublished). *Id.*

disagrees, but also contends the appeal waiver in Lee's plea agreement bars his challenge to the relevant conduct findings. We reject Lee's challenge to the guilty plea and plea agreement; the appeal waiver bars his other arguments.

## BACKGROUND AND PROCEDURAL HISTORY

Lee pled guilty to conspiring to manufacture, to possess with intent to distribute, and to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B)(iii). In exchange for his guilty plea, the prosecution dropped four other charges and reduced the drug quantity allegation from "50 grams or more" to "5 grams or more." (R. Vol. 1 at 22, 40.)

According to the original presentence investigation report (PSR), the relevant conduct associated with the charge was 41.08 grams of crack cocaine. The original PSR also credited Lee with a three-level reduction in his offense level for acceptance of responsibility. This resulted in a guidelines recommendation of 70 to 87 months imprisonment.[1]

Lee objected generally to the PSR's estimates of the relevant quantity of crack cocaine. Therefore, at sentencing, the prosecution called two witnesses, Lakesha Wesley and Tynisha Mays, to substantiate the estimates in the PSR. They testified to considerably more crack cocaine than the PSR reflected. Lee took the stand to dispute much of their testimony. After their testimony, the judge continued the sentencing hearing to allow for the preparation of a new PSR.

---

[1] Both the original and the revised PSRs applied the November 1, 2010, edition of the *United States Sentencing Commission Guidelines Manual*.

The revised PSR held Lee accountable for 189.78 grams of crack cocaine. Moreover, the PSR stripped him of the acceptance of responsibility credit and levied an obstruction-of-justice adjustment against him for falsely denying, under oath, the relevant conduct testimony of Wesley and Mays. This resulted in a revised guideline range of 292 to 365 months.

Lee then sought to discharge his counsel and withdraw his guilty plea. He claimed counsel tried "to rush [him] on [his] decision to take a plea ([he] did not fully comprehend)" and "coerced [him] into taking a plea." (R. Vol. 1 at 60.) He also criticized counsel for failing to file motions, remain in contact, and acting "in a vindictive, racist, and smug manner." (R. Vol. 1 at 65.) Counsel also sought to withdraw. The judge allowed Lee's counsel to withdraw and appointed new counsel.

With the aid of new counsel, Lee renewed his motion to withdraw his guilty plea. At the hearing on the motion, Lee testified, saying he did not understand the implications of his guilty plea, particularly with respect to the effect of relevant conduct on his sentence. He explained his learning problems made it difficult for him to understand verbal explanations of his situation and that he better understood information communicated to him in writing or in diagrams. He blamed his former counsel for failing to understand his limitations and to communicate with him in a way he could readily understand. He also faulted his former counsel for failing to provide him with copies of the superseding information, petition to plead guilty, and plea agreement prior to the plea hearing. And, he said, his former counsel had instructed him to falsely tell the judge he had seen these documents before so as to make a positive impression.

The judge denied Lee's motion. Although she acknowledged Lee's "initial confusion," she concluded the plea colloquy demonstrated Lee was not so confused about

his potential sentence so as to render his plea unknowing or involuntary. (R. Vol. 1 at 117.)

The judge imposed a 235-month sentence.

## DISCUSSION

A.    Motion to Withdraw Guilty Plea

Although he does not assert innocence, Lee claims the judge should have permitted him to withdraw his guilty plea prior to sentencing because (1) his plea was not knowing and voluntary and (2) he did not receive effective assistance of counsel with respect to it.

A defendant may withdraw a guilty plea before sentencing if he "can show a fair and just reason exists for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The burden of demonstrating a fair and just reason rests with the defendant. *United States v. Black*, 201 F.3d 1296, 1299 (10th Cir. 2000).

The primary considerations for determining whether a fair and just reason exists are whether the defendant (1) knowingly and voluntarily pled guilty, (2) had assistance of counsel relating to the decision to plead guilty,[2] and (3) has asserted his innocence.

---

[2] The government claims the controlling law requires the court to consider "defendant's assistance of counsel" rather than whether defendant had the *effective* assistance of counsel under the Sixth Amendment. *See United States v. McKnight*, 570 F.3d 641, 646 (5th Cir. 2009) ("Close assistance of counsel under [Rule] 11(d)(2)(B) and constitutionally ineffective assistance of counsel under the Sixth Amendment are distinct issues."); *see also United States v. Yazzie*, 407 F.3d 1139, 1142 (10th Cir. 2005) (en banc) (using the term "close assistance of counsel"); *United States v. Gordon*, 4 F.3d 1567, 1572 (10th Cir. 1993). The government complains we have not explained the standards applicable to this assessment in the Rule 11(d)(2)(B) context. On the contrary, despite the differences between the two issues, we have analyzed challenges to the assistance of counsel made in this context under the cause-and-prejudice standard applicable to Sixth Amendment ineffective-assistance-of-counsel claims. *See United*
(Continued . . .)

- 4 -

*United States v. Hamilton*, 510 F.3d 1209, 1214 (10th Cir. 2007); *id.* at 1217 (noting "these factors speak to . . . the defendant's reason for withdrawal") (emphasis omitted). If the defendant demonstrates a fair and just reason for withdrawing his guilty plea, the court may also consider systemic burdens.[3] *Id.* at 1214. Although we review the denial of a motion to withdraw a guilty plea for abuse of discretion, *id.* at 1213, we review de novo the district court's assessment of both the knowing and voluntary character of the defendant's guilty plea and the effectiveness of defendant's counsel. *Id.* at 1215.

1.      Knowing and Voluntary Character of Guilty Plea

In arguing his guilty plea was not knowing and voluntary, Lee says he was confused about the plea agreement, particularly because he was not able to review the agreement before the plea hearing. He also claims his counsel improperly insisted he take the plea deal or proceed to trial.

Although the record confirms Lee's indication of confusion several times during the plea hearing, it also reveals the judge's systematic dispelling of that confusion. Each time Lee expressed confusion, the judge paused to allow him to further confer with counsel. When Lee expressed confusion and reluctance over the uncertainties relating to sentencing, the judge explained the process to him in considerable detail. Lee indicated he understood each issue and assured the judge his plea was voluntary. He also explicitly confirmed his wish to continue with his plea of guilty even after the judge thoroughly explained the sentencing process. Counsel did suggest Lee should either accept the plea

_____

*States v. Hamilton,* 510 F.3d 1209, 1216 (10th Cir. 2007); *Gordon*, 4 F.3d at 1570.

[3] In particular, the court may consider "prejudice to the government, timing of the motion, inconvenience to the court, and waste of judicial resources." *Hamilton*, 510 F.3d at 1214.

deal or proceed to trial, but we do not see what other option was available. After reviewing the transcript of the plea hearing in its entirety, we have no doubt: Lee's plea was knowing and voluntary.

2.      Assistance of Counsel

Lee points to a brief excerpt of counsel's remarks during the plea hearing and a letter counsel sent to him as proof of counsel's failure to competently and diligently address his concerns about the sentence he would receive under the plea agreement. We are not persuaded.

To demonstrate ineffectiveness, Lee "must show *both* (1) that counsel's performance was deficient *and* (2) that his deficiency prejudiced his defense." *Hamilton*, 510 F.3d at 1216 (quotations omitted). Counsel's performance is deficient when it falls "outside the wide range of competence demanded of attorneys in criminal cases." *Id.* (quotations omitted). In particular, counsel's performance is deficient if he "materially misinform[s] the defendant of the consequences of the plea." *United States v. Carr*, 80 F.3d 413 (10th Cir. 1996) (quotations omitted). To demonstrate prejudice, Lee must show a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[4] *Hamilton*, 510 F.3d at 1216 (quotations omitted).

---

[4] Normally, "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal" because collateral proceedings are generally necessary to develop the record for appellate review. *United States v. Samuels*, 493 F.3d 1187, 1193 (10th Cir. 2007) (quotation omitted). However, the district court's proceedings on a defendant's motion to withdraw a guilty plea sometimes develop the record adequately to enable us to review the claim. *See United States v. Trestyn*, 646 F.3d 732, 741 (10th Cir. 2011); *United States v. Rodriguez-Rivera*, 518 F.3d 1208, 1216 (10th Cir. 2008). Here, the record is sufficient to review and reject Lee's argument.

Here, neither counsel's performance during the plea hearing nor his statements in the letter show deficient performance. Lee claims that, at the plea hearing, when he expressed confusion about the imprisonment he faced, counsel provided the court "with a range that was not even legally possible because of the mandatory minimum sentencing statute relevant to the offense of conviction." (Appellant Br. 18.) But Lee's assessment takes counsel's remarks out of context. The judge specifically asked counsel what the "best case" was for Lee "*under the [sentencing] guidelines.*" (R. Vol. 2 at 25 (emphasis added).) Later in the conversation, the prosecutor pointed out there was a *statutory* 60-month minimum, and Lee's counsel readily agreed. After this discussion, the judge asked Lee whether "that sound[ed] consistent with your understanding." (R. Vol. 2 at 26.) After Lee's qualified response, "Yeah[, a] little bit," the judge afforded him another opportunity to confer with counsel. After conferring with Lee, counsel emphasized the 60-month statutory minimum, saying: "I've explained to him — he's looking at 60 [months]. There's no way we're going around 60. . . . [M]y job is to try to keep it right there if I can." (R. Vol. 2 at 28.) After this discussion, the judge explained: "I could give you a sentence which is lower than what the guidelines say, so long as it's not under five years." (R. Vol. 2 at 33.) Lee indicated he understood. This colloquy demonstrates counsel's correct understanding of the statutory minimum and his apt explanation of it to Lee. It also demonstrates the great care the judge took to ensure Lee was not coerced into a guilty plea, despite any impatience on the part of his counsel. And, to the extent Lee could still have misunderstood counsel's explanation of his situation, the judge's patient explanation was sufficient to enable Lee to understand the sentence he faced and to cure any possible prejudice resulting from his counsel's statements. *See Hamilton*, 510 F.3d at 1216.

The statements in counsel's March 2, 2011, letter to Lee also fail to demonstrate deficient performance. In that letter, counsel reiterated the probability that a five-year minimum would apply and indicated that although he did not "know how this is going to play out," the sentence would depend largely on the judge's relevant conduct findings. Counsel acknowledged, "I know [this] is hard for you because you would like to know what you are going to be sentenced to. I would also like that but unfortunately that is how federal sentences work." (R. Vol. 1 at 91.) Counsel's letter provided as much guidance as possible under the circumstances, since the judge had not yet made findings regarding relevant conduct.[5] Counsel's performance did not fall outside the "range of competence demanded of attorneys in criminal cases." *See Hamilton*, 510 F.3d at 1216.

B.     Reliability of Testimony on Relevant Conduct

Lee also contends the testimony of Wesley and Mays was not sufficiently reliable to increase the relevant conduct assessment from 41.08 grams of crack cocaine to 189.78 grams. But, as government contends, this argument is foreclosed by Lee's appeal waiver contained in his plea agreement.

We generally decline to review arguments barred by an appeal waiver when the argument is within the scope of the waiver and the defendant knowingly and voluntarily acquiesced to the terms of the plea agreement. *United States v. Hahn*, 359 F.3d 1315,

---

[5] Even prior to counsel's letter, Lee had twice been cautioned about the uncertainty attendant to the relevant conduct determination. In that regard the plea agreement specifically explained two things: the court would determine the offense level and would consider all relevant conduct in determining his sentence. At the plea hearing, the judge reiterated this point and explained the ultimate determination of the amount of drugs "could have a huge effect on his sentence" and she would consider the testimony of "witnesses who might testify as to amounts of drugs." (R. Vol. 2 at 32, 42.)

1325 (10th Cir. 2004) (en banc).  We may decline to enforce an appeal waiver, however, if it would create a miscarriage of justice.  *Id.* at 1327.  As pertinent here, "ineffective assistance of counsel *in connection with the negotiation of the waiver*" can create a miscarriage of justice.  *Id*. (emphasis added).

Lee does not quarrel with the obvious—his argument is within the scope of the appeal waiver.  However, he argues (1) he did not knowingly and voluntarily acquiesce to the plea agreement and (2) enforcing the plea agreement's appeal waiver would create a miscarriage of justice in light of the ineffective assistance provided by his counsel.  We conclude Lee knowingly and voluntarily acquiesced to the plea agreement for the same reasons we discussed with respect to his guilty plea.

Furthermore, Lee has failed to show any deficiencies of counsel in connection with the negotiation of the waiver.  The deficiencies he alleges—counsel's failure to provide an advance copy of the plea agreement and counsel's impatience with his reluctance to sign the agreement—simply do not relate to the *negotiation* of the agreement.  *See id.*  Rather, they relate to whether Lee knowingly and voluntarily acquiesced to the agreement.  Enforcing the waiver would not result in a miscarriage of justice.

AFFIRMED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge