FILED
United States Court of Appeals
Tenth Circuit

March 4, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

TIJUAN A. LEE,

     Defendant - Appellant.

No. 15-3271
(D.C. Nos. 2:14-CV-02368-KHV and
2:10-CR-20128-KHV-1)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

     Tijuan Lee pled guilty to conspiring to manufacture, possess with intent to

distribute, and distribute five grams or more of crack cocaine, in violation of 21

U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B)(iii). He received a 235-month sentence.

After his direct appeal proved unsuccessful, Lee sought relief under 28 U.S.C.

§ 2255. The district court overruled his motion and denied his request for a certificate

of appealability (COA).

     Proceeding pro se,[1] Lee asks us for a COA so he can appeal the district court's

denial of his § 2255 motion. But we may issue a COA only if Lee "demonstrate[s]

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

that reasonable jurists would find the district court's assessment of [his] constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Lee hasn't made that showing here.

In his application, Lee first asserts the trial court erred in refusing to let him withdraw his plea. But a panel of this court squarely rejected that argument in Lee's direct appeal. *See United States v. Lee*, 535 F. App'x 677, 680-81 (10th Cir. 2013) (unpublished). And "[a]bsent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255." *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989).

In a related argument, Lee asserts trial counsel was ineffective in failing to cite certain authority in support of his request to withdraw his plea. We decline to address that assertion because Lee didn't present it to the district court. *See United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012). For the same reason, we decline to address Lee's argument that the prosecutor perpetrated a fraud on the trial court.

Next, Lee argues his sentence is illegal and that appellate counsel was ineffective in failing to argue as much on direct appeal. The district court rejected these arguments, noting Lee waived his right to appeal from or collaterally attack his sentence as part of his plea deal. Lee cursorily suggests the district court erred in

---

[1] Because Lee proceeds pro se, we liberally construe his filings and apply a more forgiving standard than we apply to attorney-drafted filings. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But we won't act as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

enforcing the appeal waiver because he received ineffective assistance of trial counsel. But the district court squarely rejected this assertion too, and Lee makes no effort to "demonstrate that reasonable jurists would find the district court's assessment" on that point to be "debatable or wrong." *Slack*, 529 U.S. at 484. Nor does Lee make any effort to demonstrate reasonable jurists would reach that conclusion about the district court's assessment of his claim that trial counsel was ineffective in failing to investigate and prepare for sentencing. Accordingly, we deny Lee's request for a COA and his motion to proceed *in forma pauperis*, and we dismiss the appeal.

Entered for the Court


Nancy L. Moritz
Circuit Judge

3