**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JASEN ROME MILLER,

       Petitioner - Appellant,

v.

JAMES JANECKA, Warden,

       Respondent - Appellee.

No. 13-2142
(D.C. No. 2:12-CV-01029-JCH-LFG)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

This request for a Certificate of Appealability (COA) takes a convenient view of

the facts but no objective consideration of them would justify vacating a guilty plea

entered in a New Mexico Court. The record is not entirely clear, but as Miller would

have it the prosecution found itself behind the curve in its case against him. It failed to

---

[*] The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R.
34.1(G). This case is submitted for decision on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th
Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1.
It is appropriate as it relates to law of the case, issue preclusion and claim preclusion.
Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A).
Citation to an order and judgment must be accompanied by an appropriate parenthetical
notation – (unpublished). *Id.*

make required disclosures to the defense and was facing an imminent trial date. It offered Miller a good deal, perhaps because it was in an unenviable litigation posture.[1] In discussing the proposed plea agreement with his attorney, Miller alleges, the attorney told him that because of the prosecution's failure to disclose required evidence, "no investigative work was possible," and, indeed, none had taken place. (R. Part 1 at 10.) Nevertheless, Miller must have considered the offer a deal he could not refuse. Despite misgivings he may have had about the plea agreement, the prosecution's shortcomings, or his attorney's performance (all of which he knew), he accepted the offer. At the plea colloquy, he assured the judge of the knowing and voluntary nature of his pleas. He pled either guilty or no-contest to several crimes: third-degree sexual contact with a minor, kidnapping, two counts of sexual exploitation of a child, and bribery of a witness.[2] As provided in the plea agreement, he was sentenced to imprisonment for 21 years, but 13 years of the sentence was suspended.[3]

Miller later had a change of heart. After raising an unsuccessful post-conviction challenge to his conviction in the New Mexico courts, he filed this § 2254 habeas petition

---

[1] Or maybe not. According to Miller his attorney told him "there was a 90% chance of losing at trial" and intimated he would be "on [his] own if he rejected the plead deal." (R. Part 1 at 10.) Miller's attorney was familiar with the facts, contrary to Miller's accusations of counsel's ignorance. See footnote 6, infra.

[2] Miller pled guilty to criminal sexual contact with a child under the age of 13, kidnapping, and bribery of a witness through threats. He pled no contest to two counts of sexual exploitation of a child.

[3] The plea agreement allowed Miller to withdraw his plea if the court rejected the agreement's terms.

in federal court.[4]  Ultimately the district judge denied relief.  Miller now seeks a (COA) so that we might review the matter.  We grant a COA but decline his requested relief.

As pertinent here, Miller argues to us, as he did to the district judge, that his pleas were not valid because he did not receive effective assistance of counsel in conjunction with his plea agreement.  His petition advances several claims related to the effectiveness of counsel, the conduct of the prosecutors, the validity of his pleas, and the speediness of his trial.  In particular, he claims counsel's failure to investigate the prosecution's ability to prove his guilt was inadequate.

The matter was assigned to a magistrate judge who rejected his arguments.  The arguments were far from clear, but the magistrate identified an ineffective assistance of counsel claim based upon inadequate investigation.  He did not view it as a challenge to the validity of his pleas, but rather as a separate, free standing, claim; he considered it foreclosed because it "predated his guilty pleas." (R. Part 2 at 59.)  The magistrate explained:  "Other than conclusory, unsupported allegations, Miller fails to produce evidence demonstrating his trial attorney's representation of him during the plea process fell below an 'objective standard of reasonableness.'" (R. Part 2 at 64.)

Miller objected to the magistrate's findings and recommendations.  His objection asserted several arguments; among them was the claim of trial counsel's ineffectiveness for failing to investigate.  The district judge rejected all of his challenges:  "Miller's

---

[4] Although the appellees have not filed a responsive brief here, they did respond to Miller's § 2254 petition.  There, they acknowledged Miller had exhausted the arguments raised in his petition.  *See* 28 U.S.C. § 2254(b)(1)(A) (forbidding habeas relief, absent certain special circumstances, when the applicant has not "exhausted the remedies available in the courts of the State").

conclusory argument does not demonstrate any specific errors in the Magistrate Judge's findings and recommendations. Indeed, the Magistrate Judge thoroughly addressed these same arguments by Miller and rejected them." (R. Part 2 at 106.) Accordingly, the district judge adopted the magistrate's findings and recommendations and denied Miller's petition. She also denied Miller's application for a COA and his request to proceed without prepayment of fees and costs on appeal. He reasserts these motions and requests to this Court.

## DISCUSSION

Miller seeks a COA on only one issue. He now clearly contends his counsel's failure to investigate the factual basis of the prosecution's case rendered his pleas invalid under the "voluntary and intelligent" standard applicable to a waiver of the criminal defendant's right to trial. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

A.      Proper Presentation

Because we generally decline to consider issues raised for the first time on appeal, *see*, *e.g.*, *United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002), we must, at the outset, determine whether Miller adequately raised this issue in his petition. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Under this rule, if we "can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail," we "do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* However, we do not assume the role of advocate for the litigant, *id.*, nor do we excuse him from following "'the same rules of procedure that govern other litigants.'" *Garrett v. Selby Connor*

- 4 -

*Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

Here, although Miller's petition questioned whether counsel's investigation constituted effective assistance of counsel under the Sixth Amendment, he did not explicitly assert that such a failing was the kind of ineffective assistance that vitiated the validity of his pleas. The distinction is important because Miller's pleas waived any other deprivations of constitutional rights arising prior to the entry of the pleas:

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea . . . .

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). And, while Miller's petition included a section arguing his pleas were not valid, that section did not mention the inadequate-investigation issue.

It is long-settled law that ineffective assistance in negotiating and explaining a plea agreement or in conjunction with the entry of a guilty plea can undermine the validity of the plea. *See id*. Accordingly, we afford a solicitous reading to Miller's petition. Taken as a whole it adequately, but barely, suggests counsel's lack of investigation undermined the validity of his pleas. Therefore, Miller has properly presented—even if barely—this issue for review. Furthermore, because neither the magistrate nor the district judge assessed the merits of this claim, we issue a COA on this issue, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (concluding § 2253(c)(2) requires a COA applicant to show reasonable jurists could debate (or agree on) a different resolution of the habeas petition or the merit of further proceedings), and permit Miller to proceed without prepayment of costs and fees.

B.      <u>Validity of Pleas</u>

On the merits, however, Miller's claim fails because he cannot show prejudice stemming from counsel's alleged ineffectiveness. "The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill*, 474 U.S. at 56 (quotation marks omitted). One way a petitioner may demonstrate the invalidity of his plea under this standard is by showing ineffective assistance of counsel in connection with the plea. *See id.; see also Padilla v. Kentucky*, 559 U.S. 356, 364 (2010) ("Before deciding whether to plead guilty, a defendant is entitled to 'the effective assistance of competent counsel.'") (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). To assess such a challenge, we apply the cause-and-prejudice test established in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See Hill,* 474 U.S. at 57; *United States v. Hamilton*, 510 F.3d 1209, 1216 (10th Cir. 2007). Under this test, the petitioner "must show both (1) that counsel's performance was deficient and (2) that this deficiency prejudiced his defense." *Hamilton*, 510 F.3d at 1216 (quotation marks omitted). To demonstrate prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would . . . have insisted on going to trial." *Id.* (quotation marks omitted).[5] We review such a claim de novo. *Id.*

Here—even assuming counsel was constitutionally deficient in his investigation— Miller has failed to demonstrate prejudice. Nothing in his brief shows any "reasonable

---

[5] Miller argues his counsel's failure to investigate is necessarily prejudicial. However, this argument is foreclosed by the Supreme Court's explicit holding in *Hill*. 474 U.S. at 57-58 (concluding a petitioner claiming ineffective assistance related to the plea process must demonstrate prejudice).

probability" that further investigation by counsel would have caused him to insist on a trial. He has not explained why the evidence would have been insufficient to convict, nor has he identified any fact—such as the existence of a defense, helpful witness, or impeachment evidence, *see United States v. Barbour*, 813 F.2d 1232, 1235-36 (D.C. Cir. 1987)—that counsel would or could have discovered that would have altered his decision to accept the plea agreement. Importantly, when he entered his pleas, Miller knew about the prosecution's failure to fully and timely honor its disclosure obligations and counsel's lack of investigation.[6] These known problems failed to convince him to reject the offer, plead not guilty and go to trial. Miller has given no explanation as to how further investigation could have altered his decision to waive his right to trial. Moreover, he received precisely the sentence he agreed to in the plea agreement. Receiving a predetermined and demonstrably favorable sentence strongly suggests he would not have refused the agreement even if fully informed. That suggestion is convincingly reinforced by his failure to identify undisclosed facts of game-changing proportions. In short, even

---

[6] Miller's arguments imply that his attorney was ignorant of the facts. That is not true. Moreover, Miller's claim that his attorney made no effort to investigate his case and he was denied any of the evidence proposed for trial is unsupported by the record. Although the prosecution was late in providing information, the record contains transcripts of the defense counsel's pre-trial interviews of the state's witnesses and Miller was provided with the taped Safehouse interview of the victim. Contrary to his contentions, the lost photographs were not the only evidence against him. At least three witnesses viewed photographs of the victim found on Miller's telephone and all witnesses' descriptions were consistent. In addition, Miller did not plead guilty to any of the charges directly related to the lost photographs. Miller does not identify any witness with personal knowledge of the events who would refute the state witnesses' testimony. While it is true that some of the witness statements conflicted on some facts, none of those facts would establish innocence. Defense counsel's representation that, in his experience, jurors viewed the facts and testimony more favorably to the prosecution in child sexual assault cases, did not mislead Miller as to the possible outcome of his trial.

if the prosecution failed in its duty to fully and timely disclose and Miller's counsel failed in his duty to investigate, Miller has failed to produce anything remotely suggesting those failures – known to him at the time – undermined the validity of his pleas.

AFFIRMED.  Miller's request for relief from prepayment of appeal fees is GRANTED.  However, this does not relieve him of his obligation to pay the filing and docketing fees in full.  *See* 28 U.S.C. § 1915(a)(1).

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge