**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 21, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY PEREZ,

Defendant - Appellant.

No. 15-2147
(D.C. No. 2:13-CR-03695-RB-4)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **EBEL**, and **LUCERO**, Circuit Judges.

Anthony Perez was charged with distributing methamphetamine in violation

of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and aiding and abetting the distribution of

methamphetamine in violation of 18 U.S.C. § 2. The charges against Perez stem

from a drug transaction between an undercover officer and Matthew Pena. The

officer had arranged with Pena in advance to meet him to purchase drugs. When

the officer notified Pena he was at the chosen location, he was approached by a

car occupied by Perez and his friend Robert Snow. Perez asked the officer to

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

follow the car to the park. The officer refused, and Snow and Perez drove off. The car circled the area and stopped next to a police surveillance vehicle, into which Perez attempted to look. A short time later, the same car pulled up to the officer. This time, Pena was in the backseat. He told the officer to get in. When the officer refused, Pena showed him the drugs. The officer asked Pena to get into his vehicle instead. Pena agreed. Perez and Snow remained in the car while the transaction was completed. Afterwards, they returned to pick up Pena where the officer had dropped him off. Pursuant to a warrant, Perez was later arrested.

Perez pleaded guilty without a plea agreement to the charges against him. After a full Rule 11 plea colloquy, the magistrate judge found Perez's plea was knowing and voluntary, and accepted it. After the plea hearing, Perez's lawyer withdrew. Perez's new appointed counsel filed a motion to withdraw the guilty plea. The district court denied his motion.

Perez appealed, alleging (1) the court abused its discretion in denying his motion to withdraw a guilty plea, and (2) ineffective assistance of counsel. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the denial of the motion to withdraw the plea and dismiss the ineffectiveness claim.

## I. ANALYSIS

### A. *Motion to Withdraw the Guilty Plea*

A defendant may withdraw a guilty plea after the court has accepted it but before sentencing if he can show a "fair and just reason" for the withdrawal. Fed.

R. Crim. P. 11(d)(2)(B).  In determining whether a defendant has met this burden, we consider a number of non-exclusive factors: "(1) whether the defendant has asserted his innocence, (2) prejudice to the government, (3) delay in filing defendant's motion, (4) inconvenience to the court, (5) defendant's assistance of counsel, (6) whether the plea is knowing and voluntary, and (7) waste of judicial resources."  *United States v. Hamilton*, 510 F.3d 1209, 1214 (10th Cir. 2007).  We will not reverse a district court's denial unless a defendant shows the court acted "unjustly or unfairly."  *Id.*

We review a district court's application of these factors for abuse of discretion, except the fifth and sixth factors, which we review de novo.  *United States v. Marceleno*, 819 F.3d 1267, 1272 (10th Cir. 2016).

Because Perez's plea withdrawal motion addressed only his assertion of innocence, deficient assistance of counsel, and voluntariness of the plea, we address these factors first.

### 1. *Assertion of Innocence*

A defendant's assertion of innocence must be credible.  *Hamilton*, 510 F.3d at 1214.  To satisfy the credibility requirement, a defendant "must make a factual argument that supports a legally cognizable defense."  *Id.* at 1215 n.2.  Perez has failed to meet this burden.  At the hearing on his motion to withdraw his plea, Perez asserted his innocence.  But he did not make any supporting factual argument.  The district court decided not to credit Perez's assertion of innocence

-3-

because of both his prior acceptance of the government's facts, and the strength of the government's case overall.

On appeal, Perez asserts for the first time that he is innocent because he had a minimal role in the drug transaction. But because this claim was not raised below, we consider it forfeited. *Richison v. Ernest Grp.*, 634 F.3d 1123, 1128 (10th Cir. 2011). Nor has Perez argued for plain error review on appeal, so we will not address this forfeited argument. *Id.* at 1131. And even if we were to consider this argument, there is sufficient proof in the record that Perez participated in the transaction.

Accordingly, the district court did not abuse its discretion in finding Perez's claims did not amount to an assertion of innocence.

### 2. *Assistance of Counsel*

When a defendant challenges a guilty plea, we apply the two-part test established in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Hamilton*, 510 F.3d at 1216. Perez argues for the first time on appeal that his prior attorney was ineffective for failing to request a debrief. But this ineffective assistance claim was not raised below, so we consider it forfeited. *Richison*, 634 F.3d at 1128. And Perez has not argued for plain error review on appeal, so we will not address this forfeited argument. *Id.* at 1131. Because the record is not sufficiently developed on this point, the issue of ineffectiveness is best left to

collateral review. *See United States v. Sanchez-Leon*, 764 F.3d 1248, 1261 (10th Cir. 2014).

### 3. *Plea Knowingly Made*

Perez next argues that his lawyer should have told him there was "a commonly used means of circumventing" the minimum sentence, namely a debrief with the government to request a reduction of sentence. Aplt. Br. at 8. But this particular argument was not raised below, so we consider it forfeited. *Richison*, 634 F.3d at 1128. Again, Perez has not argued for plain error review on appeal, so we will not address this forfeited argument. *Id.* at 1131. And because Perez's argument regarding the voluntariness of his plea is based on his forfeited claim of ineffective assistance, he has failed to show his plea was not voluntary.

### 4. *Other Factors*

Perez did not argue the remaining four factors in the district court. Regardless, because Perez "has not asserted his innocence or prevailed on his ineffective-assistance claim, his arguments concerning the remaining factors [would be] irrelevant because these factors speak to the potential burden on the government and the court, rather than the defendant's reason for withdrawal." *Hamilton*, 510 F.3d at 1217 (emphasis in original). Even if the remaining factors all weighed in favor of Perez, they would be insufficient to establish a fair and just reason for withdrawal. *Id.*

\* \* \*

-5-

In sum, the district court did not err in denying Perez's motion to withdraw his guilty plea.

### B. *Ineffective Assistance of Counsel*

Perez also argues his plea should be set aside because his prior counsel was constitutionally ineffective in not requesting a debrief with the government. But "claims of constitutionally ineffective counsel should be brought on collateral review." *United States v. Galloway*, 56 F.3d 1239, 1242 (10th Cir. 1995) (en banc). When these claims are brought on direct appeal, they are "presumptively dismissible, and virtually all will be dismissed." *Id.* at 1240. Though some "rare claims which are fully developed in the record may be brought either on direct appeal or in collateral proceedings," this is not such a claim. *Id.* at 1242. Here, the ineffective assistance of counsel claim made on appeal is based on the failure to debrief, an argument not made below. Accordingly, we dismiss this claim.

## II. Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED and Perez's ineffectiveness claim is DISMISSED.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Circuit Judge

-6-